---

McGEHEE, trustee, *vs.* MOTT *et al.*

1. Where a party to a bill receives money held for distribution under a consent decree, and the same decree to which he consents provides that the original bill be held up to try issues touching other property not distributed, he is estopped from demurring to the original bill for want of equity in it to try those issues, such bill being necessary to hold in court the cross-bills of the parties which make those issues.

2. Where a cross-bill showed on its face that the matters set up therein had been adjudicated in a claim case regularly tried by jury, with motion for a new trial refused, and the refusal affirmed by this court by dismissal of the writ of error, it should have been dismissed on demurrer.

3. Where another cross-bill showed that the complainants therein had purchased from, and held under, the claimants in said claim case, and must have bought after judgment in said claim case or pending the claim, such cross-bill should also have been dismissed on demurrer.

Practice in the Superior Court. Equity. Judgments. Before JOSEPH F. POU, ESQ., Judge *pro hac vice*. Muscogee Superior Court. November Term, 1877.

Reported in the opinion.

PEABODY & BRANNON, for plaintiff in error.

R. J. MOSES, for defendants.

JACKSON, Judge.

1. This was a bill filed by Mott against sundry defendants, to stay proceedings for the distribution of money under a rule against the sheriff until certain equities which sprang out of a suretyship of his for the firm of E. Barnard & Co., whose property had brought the fund into court, could be adjusted in equity, and the bill also alleged that the partnership owned a certain dray, two mules and a set of harness. The equity set up was that he had paid a partnership debt as security, and that the defendants were claiming on individual account and against the partners, to-wit: Barnard, deceased, and Hoops, surviving partner.

The whole case was adjusted by a consent decree in which the fund was divided between the complainant, Mott, McGehee, Mrs. Schley, and the Misses Barnard, and in the same consent decree it was ordered " that said bill be held up to try the issues as to the mules and wagon."

The contest about them seemed to be between Disbrow & Co., who had come into the case and been made defendants, and the Misses Barnard, on the one side, and McGehee on the other.

On the trial McGehee demurred to the original bill of Mott on the ground that no equity was in it in respect to the dray and mules, and nothing according to that bill was left to be tried—no issue being made on said property at all. It appears that the prayer of the bill was that the defendants be enjoined from disposing of the dray and mules, which

were charged to be in the possession of the sheriff or of Hoops, the surviving partner, or of the heirs—the Misses Barnard; but the record shows no restraining order or injunction of the chancellor in respect to them.

However, we think that the consent decree by which McGehee received four hundred dollars and by which he agreed that the bill should be held up to try the questions made in regard to the dray and mules, estops him from demurring to the original bill which brought the case into court, and upon which those issues, made by his answer and the answers of Disbrow & Co., and of the Misses Barnard, in the nature of cross-bills, alone had any standing in court. Having received money by the consent decree, the entire consent must stand —that which is against him as well as that in his favor; and the court below was right to overrule the demurrer to the original bill.

2. McGehee then demurred to the cross-bill of Disbrow & Co., and that demurrer was overruled.

That cross-bill showed a purchase of the mules and dray from E. Barnard & Co. before the lien of McGehee attached. That lien was a distress warrant, which was levied after a *bona fide* sale for value of the dray and mules to Disbrow & Co. according to the cross-bill; but the cross-bill also showed on its face that the levy thus made was arrested by a claim which they, Disbrow & Co., interposed and which was found against them; that a motion was made for a new trial which was overruled; that the case on the refusal to grant that motion was brought to this court; that the writ of error was dismissed and the judgment thus stood affirmed; that it was the fault of the clerk that it was dismissed, and thus the judgment was affirmed not on the merits. Some allegation is made that Bass was deceived by a statement of McGehee, and did not know that the case was pending; but all should have been, and was doubtless, in the motion for a new trial.

This claim, and the decision thereon, and on the motion for a new trial, concludes Disbrow & Co. The jury found

against them, the presiding judge would not grant a new trial, his judgment was affirmed by this court—no matter for what reason—and this judgment cannot be reopened. Therefore the court erred in overruling the demurrer to the cross-bill of Disbrow & Co.

3. McGehee then demurred to the cross-bill of the Misses Barnard.

That cross-bill sets up title from Disbrow & Co., and places these parties solely upon the equities of those from whom they alleged they purchased, and it is not averred when they bought from Disbrow & Co.—whether before the judgment on their claim case with McGehee, or pending that claim or when.

Their whole claim turns on the validity of the claim of Disbrow & Co., and that having been adjudicated by the superior court of Muscogee, on regular trial by jury, by that court on a motion for a new trial, and that judgment refusing the new trial having been affirmed—standing affirmed by statute—when the writ of error was dismissed—no matter at whose fault—the title of Disbrow & Co. is *res adjudicata.* The demurrer should have been sustained therefore, and their cross-bill dismissed as to Disbrow & Co.; and as the Misses Barnard must have purchased either after judgment on the claim or pending the claim—of which the doctrine of *lis pendens* gave them notice they too are concluded by the judgment in the claim case, and the demurrer to their cross-bill should have been sustained. As this disposes practically of the case, it is unnecessary to go further into the issues tried and exceptions made pending the further trial before the jury.

Judgment reversed.