PRINTUP *v.* THE ROME LAND COMPANY.

The matter pleaded by the defendant in addition to the general issue
was good in substance as a defence to the action, whether good
for the affirmative relief prayed or not. 2 Warvelle on Vendors,
929, 930; Donelson *v.* Weakley, 3 Yerg. 178; Rogers *v.* Salmon, 8
Paige Ch. 559. The rule excluding parol evidence to add to or
vary a written contract does not apply, and want of certainty and
definiteness in setting forth the defence, being a defect of form,
would not vitiate the pleas unless pointed out by special demur-
rer. The court erred in striking the pleas on motion.

August 23, 1892.                          *Judgment reversed.*

Vendor and purchaser. Contract. Evidence. Before
Judge TURNBULL. City court of Floyd county. Decem-
ber term, 1891.

Action by the Rome Land Company for the use of
Penfield *et al.*, against Printup, on two promissory notes.
When the case came on for trial plaintiff moved to
strike all the defendant's pleas, except the plea of the
general issue. This motion was sustained, and the de-
fendant excepted upon the grounds that the court erred:
(1) In holding that the pleas were indefinite and uncer-
tain. (2) In deciding that the pleas sought to add parol
conditions to the contract of the parties. Defendant
insists that the facts alleged in his pleas would void the
plaintiff's notes for fraud and deceit in their procure-
ment, would establish want of consideration, and would
entitle defendant to damages which he could recover
against plaintiff by way of recoupment. (3) In striking
the whole plea because parts of it are indefinite and in-
sufficient. (4) In holding that the pleas were insufficient
in law. Defendant insists that his pleas made a case of
fraud in the procurement of the notes sued on, and
failure of consideration, and such a failure of plaintiff
to comply with its representation and cross obligation
as entitled defendant to recoupable damages.

The pleas stricken were: On April 26 or 27, 1888,

plaintiff had a public sale of certain lots of land which had been surveyed, laid off and platted, near the city of Rome and adjoining the town of East Rome. The public were invited to the sale, and at the sale, which was conducted on the land being sold, plaintiff and its auctioneer, agents and officers represented to defendant and other bidders, that a dummy street car line would be built and permanently maintained and operated through the land and lots then and there being offered for sale, and exhibited maps and plats showing the location and line of said car line; plaintiff and its agents represented that said dummy line was being built and was to be a permanent line, and the lots then being sold would thereby be of easy access and be of great value for residence and other purposes; and they further represented and stated that arrangements had been made for the location and erection of manufacturing plants and factories in the immediate vicinity of the lots being sold. Relying upon the representations and promises aforesaid, defendant at the sale bought lots numbers 450 and 191 for $690, payable one fourth cash and the balance in equal instalments in one, two and three years, with interest at six per cent. from date, and gave his notes for the deferred payments and paid the cash payment, and paid all of the deferred payments except the notes now being sued on. Plaintiff gave to defendant bonds for titles to the lots, copies of which are attached to the plea. The representations of defendant at the sale and the exhibition of said maps and plats were all wrongfully and deceitfully made, for the purpose of inducing defendant and others to bid at the sale and to make sales of said lots, and the plaintiff and its agents then well knew said representations and promises were not in fact true and would not be carried out. The said dummy line has not been built, maintained and operated, to the great injury and damage of

defendant and of other purchasers at the sale, and no
factories have been erected as stated. Defendant avers
that, by reason of the facts aforesaid, the consideration of
the notes sued on has wholly failed and the lots so sold
to him are of little or no value. The lots are wholly
valueless as town lots and are not worth exceeding the
rate or value of farming lands, to wit $100 per acre. He
attaches a statement showing that he has paid for and
on account of the purchase of the lots $517.50 principal,
and attaches, as an exhibit and as part of the plea, a
full statement of the account between him and plaintiff
touching the sale and purchase. He prays that he do
have and recover of plaintiff the $517.50 principal, with
interest thereon from the dates of the payment set forth
in the exhibit, or such part thereof as under the facts
he may be justly entitled to. The bonds for title attached
were ordinary bonds, with no stipulations except to con-
vey the land upon certain payments being made. Fur-
ther, at the date of the auction sale plaintiff represented
to defendant and other purchasers at the sale, that broad,
graded avenues and streets had been laid out, and that
said property and the lots into which it had been sub-
divided were connected by means of said streets and a
steam dummy line with the city of Rome and its horse
car lines, depots, stores, churches, schools, opera house,
hotels, factories, etc., giving cheap, quick and pleasant
transit to and from all portions of the city, thereby
rendering the said lots convenient and desirable for
homes, and that said avenues, streets and steam car line
would be kept open and maintained, and the defendant
was induced by these representations to buy the lots
aforementioned; but defendant shows to the court that
said streets, avenues and dummy line have not been
opened, graded and maintained, and on the contrary they
have been abandoned and neglected, and the lots bought
by this defendant are wholly unfit for residence lots and

do not exceed in value $25 each.   Wherefore he cómes into court and agrees and offers to surrender to the Rome Land Company all his interest in said lots acquired by his purchase and payments aforesaid, and offers to deliver up to said company said title bonds to be cancelled, and prays that he have and recover of said land company a judgment for all the moneys so wrongfully and fraudulently obtained from him as aforesaid.

DABNEY & FOUCHÉ, for plaintiff in error.
DEAN & SMITH, *contra.*

---

Higginbotham, executor, *v.* Campbell.

The evidence introduced by the plaintiff below, together with that offered and rejected, was wholly insufficient to establish the allegation of habitual insanity on the part of the maker of the deed in question, and this being so, the superior court, acting in the light of the history of the litigation and of the decision of this court in the same case, reported in 87 *Ga.* 324, did not err in granting a nonsuit and dismissing the action.   If any error was committed in rejecting evidence, it was so slight as not to affect the result of the case on its substantial merits.     *Judgment affirmed.*
August 23, 1892.

Cancellation of deed.   Insanity.   Evidence.   Before Judge MADDOX.   Floyd superior court.   September term, 1891.

Petition to cancel a deed, on account of insanity of the maker and for fraud and undue influence.   The case has been before this court twice.   85 *Ga.* 638; 87 *Ga.* 324.   It was again tried on October 13th and 14th, 1891, and upon the introduction of the testimony for the plaintiff the court granted a nonsuit.   The order states that, in the opinion of the judge, the plaintiff added nothing material to the evidence submitted by him on the former trial in reference to the imbecility or insanity of the complainant, and introduced no proof tending to impeach the deed in controversy at the time of its ex-