4748.  THRASHER *v.* COBB REAL ESTATE COMPANY.

Under the decision in *Printup* v. *Rome Land Co.,* 90 *Ga.* 180 (15 S. E. 764), the court erred in sustaining the demurrer to the defendant's answer, and in entering up judgment in favor of the plaintiff.
                        DECIDED MAY 20, 1913.

Complaint; from Colquitt superior court—Judge Thomas. January 12, 1913.

*McKenzie & Kline,* for plaintiff in error.
*Shipp & Kline, L. L. Moore,* contra.

POTTLE, J.  The Cobb Real Estate Company sued upon three promissory notes payable to one Aycock and duly transferred to the plaintiff.  The defendant pleaded, that the notes were given in part payment for certain lots in the city of Moultrie; that the defendant was induced to purchase the lots by statements of Aycock that he would guarantee the building of a railway depot adjacent to the property, that he would construct on the adjacent property a handsome residence for himself, and that he would maintain a boulevard traversing the property, and extend it through certain public roads; none of which promises have been performed.  It was further alleged that the plaintiff was not an innocent purchaser of the notes, and took them with knowledge of the inducement which had been held out by Aycock.  By amendment the defendant alleged:  On December 15, 1909, the plaintiff had a public sale of certain lots of land which had been laid off near the city of Moultrie, immediately south of the corporate limits, the survey being known as West Broad Heights.  The public were invited to the sale, which was conducted on the land.  The plaintiff and its auctioneer and agents represented to the defendant and the other bidders that the plaintiff would build, keep, and maintain a wide and magnificent boulevard, on the edges of which would be planted shade trees, and would keep and maintain numerous parks and pleasure

grounds in front of and near to the lots; that the plaintiff would build a suburban depot on the right of way of the Georgia Northern Railway, traversing the land and adjacent thereto; and that the plaintiff would erect a handsome $10,000 residence on the boulevard, near the lots; all of which statements were made by the plaintiff and its agents in the hearing of the defendant and the other bidders as an inducement for them to purchase. Relying upon these representations and promises, the defendant bought two lots for $210, payable one third cash and the balance in equal instalments, in one and two years, and gave the notes sued on, for the deferred payments. The plaintiff executed to the defendant a bond for title to the lots. This bond is in usual form and recites that the defendant has agreed to purchase two described lots of land, and has executed his notes for the balance due on the purchase-price; and that upon the payment of the notes the obligor agrees to make a warranty deed to the lots. It is averred in the plea that the representations of the plaintiff, and the exhibition of maps and plats showing the property as the plaintiff agreed to improve it, were all wrongfully and deceitfully made for the purpose of inducing the defendant and the others to bid at the sale; and the plaintiff and its agents then knew that the representations and promises were not true and would not be carried out. The boulevard has never been maintained as promised, but it has been allowed to stay in its natural state, and it now appears as a deserted wilderness, covered with weeds and growing trees, with naught but the whitewashed posts to mark the last resting place of these deserted lots. The beautiful parks have become merged with the desolate scene, and the decaying fences remind one of a deserted graveyard. The beautiful suburban depot has never further materialized than the word-picture drawn by the plaintiff and marked on the maps and plats. The ten-thousand dollar residence is yet a dream fancy of the mind, though sufficient years have elapsed to have built it with one man, a hammer, and saw. The defendant avers that, by reason of the foregoing facts, the consideration of the notes has failed; that the lots are wholly valueless as town lots, and are not worth exceeding $50 per acre; that the defendant has paid $70 on the purchase-price, and the lots bought are not reasonably worth more than $15. The defendant offers to surrender the bond for title, and prays that he recover of the plaintiff $55.

being the difference between the cash payment and the actual value of the lots.

The plaintiff demurred on the grounds that the answer sought to vary the terms of an unconditional contract in writing; that it does not appear that the alleged representations were conditions of the contract of sale, such representations not being set forth in the bond for title nor contained in the notes sued on; that it does not appear that the lots are of less value than they were before the sale; nor does it appear how the failure of the plaintiff to comply with the promises alleged to have been made affected the sale; nor does it appear within what time the promises alleged to have been made were to have been performed. The notes sued on were executed on December 15, 1909, and were due, respectively, April 1, 1910, December 15, 1910, and December 15, 1911. The trial judge sustained the demurrer, struck the answer, and entered up judgment in favor of the plaintiff.

A discussion of the legal principles which control the case is rendered unnecessary by the decision of the Supreme Court in the case of *Printup* v. *Rome Land Co.,* 90 *Ga.* 180 (15 S. E. 764), upon the authority of which decision the judgment in favor of the plaintiff must be reversed. In that case suit was brought on notes given for the purchase-price of lots which had been bought at an auction sale. The answer averred that the plaintiff and its auctioneer represented to the defendant and other bidders that a dummy street-car line would be built and maintained through the lots being offered for sale, and exhibited maps and plans showing the location of such car line. It was further represented that arrangements had been made for the location of a manufacturing plant and factory in the immediate vicinity of the lots being sold. The seller executed to the purchaser a bond for title containing no stipulations except that the land should be conveyed upon certain payments being made. It was further alleged that at the auction sale it was represented by the plaintiff that broad, graded avenues and streets had been laid out; that the property was connected by means of streets and the dummy line with the city of Rome, thereby rendering the lots convenient and desirable for homes, and that the defendant bought the lots relying upon the representations made at the sale. We can perceive no substantial difference between that case and the case now under consideration. In that case the

sale took place on the land; therefore it is manifest that the purchaser could not have been deceived by any false representations as to what had already been done. A judgment striking the plea was reversed, and the decision of the Supreme Court must necessarily have been predicated upon the theory that the defendant was relieved from the payment of the notes by the false and fraudulent promises of the seller that certain things would be done to enhance the value of the property. The plea in the present case was not subject to demurrer because it failed to allege that the seller promised to make the improvements referred to within any definite time. No time being stipulated, the law would imply a reasonable time. The sale took place in 1909. The suit was filed in April, 1912, and, according to the answer, no steps whatever were taken during this period to comply with the promises made by the seller. The question of what is a reasonable time is one for the jury, but it would seem that, in the absence of some good reason for not doing so, a sufficient time had elapsed to require the seller to begin performance, if he intended to perform at all. In our opinion the case is controlled by the case above cited, and the court erred in sustaining the demurrer to the plea. *Judgment reversed.*