### 4920. JONES BROTHERS *v.* WATSON *et al.*

The judge of the superior court erred in overruling the certiorari.

DECIDED SEPTEMBER 9, 1913.

Certiorari; from Haralson superior court—Judge Edwards. April 18, 1913.

*Griffith & Mathews*, for plaintiffs.

*James Beall*, for defendants.

HILL, C. J. Jones Brothers sued Watson as maker and Holcombe as surety on a promissory note for $26, in a justice's court; and on appeal to a jury in that court a verdict against Watson and releasing Holcombe was rendered. Jones Brothers thereupon sued out a writ of certiorari, complaining of the verdict and judgment releasing Holcombe from liability on the note; the judge of the superior court overruled the certiorari, and that judgment is excepted to. The facts in the case, briefly stated, are as follows: Watson was a tenant of Holcombe for the year 1911. Watson as maker and Holcombe as surety executed the note sued on to Jones Brothers, for supplies used by Watson as a cropper on Holcombe's place for the year 1911. In the fall of 1911 Watson delivered a bale of cotton to Holcombe for the purpose of paying the balance due on this note. Holcombe took the bale of cotton to Bremen and there sold it to Jones Brothers. When the settlement was to be made, Jones Brothers presented a note made by Watson for guano furnished him for that year, and insisted that the proceeds of the bale of cotton should be applied first to the payment of the guano note. Holcombe at first refused to consent to this application, insisting that Watson had turned over the bale of cotton to him as landlord, to be sold for the purpose of applying the proceeds to payment of the balance due on the note on which Holcombe was surety. Jones Brothers, according to Holcombe's testimony, told him that he, Holcombe, was also liable, under the law, on Watson's guano note, because the guano furnished to Watson had been used by Watson as cropper, for making the crop; and

Holcombe, in reply, said that if this was the law, he would consent that Watson's guano note be first paid and that the balance of the cotton left over be applied on the note of Watson and himself. This was done. The present suit is for the balance due on the note signed by Holcombe as surety.

Under these facts we think the verdict in the justice's court should have been against both Watson and Holcombe, and therefore that the judge of the superior court erred in overruling the certiorari. We do not see how, under these facts, Watson could have been held liable on the note and Holcombe released. Holcombe's insistence that he was induced to consent to the application of the proceeds arising from the sale of the bale of cotton to Watson's guano note, upon the statement of Jones Brothers that he was liable on this note because the guano furnished to Watson had been used on Holcombe's land to make the crop, was without force. No fraud is charged against Jones Brothers. There was no fiduciary relation between Holcombe and Jones Brothers, but they were dealing at arm's length, and Holcombe, therefore, had no right to rely upon this statement of Jones Brothers. It is true that Holcombe had the right to control the proceeds of the sale of this cotton which was made by his cropper, for the payment of the cropper's debt to him; and this control was exercised by him, for he sold the bale of cotton and legally and voluntarily consented that the proceeds should be applied in payment of Watson's individual note for the guano. Even if Holcombe had been deceived by the statement of Jones Brothers that he was liable on Watson's individual note, and had been defrauded by this statement, it was no case for rescission or for taking back the payment which he had made of Watson's individual note; for he did not, before the suit was brought, offer to restore the status quo by returning the Watson note to Jones Brothers. On the contrary, he had delivered this note, marked "paid," to Watson. *Langston* v. *Aderhold,* 60 *Ga.* 376; *East Tenn. &c. Railway Co.* v. *Hayes,* 83 *Ga.* 558 (10 S. E. 350). We think therefore that the learned judge of the superior court erred in overruling the certiorari. *Judgment reversed.*