### 8081.   ATLANTA TERMINAL COMPANY *v.* GRESHAM & SON *et al.*

Where a contract for the lease of a restaurant with table linen and other articles contains a provision requiring the return of the property at the termination of the lease, "in as good a condition as it is when received under this lease, except natural wear and tear incident to its constant use, and the replacing of all articles which may be broken or lost, or the payment therefor at the invoice value less a yearly depreciation of 5 per cent. per annum," the contract will not be construed as requiring the lessee to replace or pay for linen completely worn out by natural wear and tear incident to its constant use in the restaurant, or linen stolen from the lessee which must have been destroyed by such wear before the termination of the lease if it had been so used.

DECIDED JUNE 7, 1917.

Exceptions to auditor's report; from Habersham superior court— Judge J. B. Jones. August 15, 1916.

*Dorsey, Brewster, Howell & Heyman,* for plaintiff, cited:

Webster's Dict., Standard Dict., Century Dict., definition of "lost;" *Turner* v. *Woodward,* 123 Ga. 866; *Hawkins* v. *Haynes,* 71 *Ga.* 40, 43; *R. & D. R. Co.* v. *White,* 88 *Ga.* 811, 813; *Southern Cotton Oil Co.* v. *L. & N. R. Co.,* 15 *Ga. App.* 754-5-6-7.

*J. J. Kimsey, Ernest J. Kimsey, Claude Bond,* for defendant.

BROYLES, P. J.   This was a suit of the Atlanta Terminal Company against C. Gresham & Son and others, based upon a contract for the lease of a restaurant and lunch rooms in the Atlanta Terminal Station. The original lessee under the contract was C. L. Smith, who subleased to Gresham & Son. The date of this contract was October 1, 1905, and the lease was surrendered October 1, 1911. A part of the property invoiced and turned over by the terminal company to the lessees at the beginning of the lease was a large quantity of linens of fine quality. Paragraph 3 of the contract was as follows: "That a reasonable fair price shall be fixed upon said property so invoiced, and said Smith shall give to said terminal company a bond equal to one and one-quarter times said value, conditioned to pay said rent and at the termination of this lease to return said property in as good a condition as it is when received under this lease, except natural wear and tear incident to its constant use, and the replacing of all articles which may be broken or lost, or the payment therefor at the invoice value less a yearly depreciation of five per cent. per annum." When the lessees gave up the lease they returned only a small portion of the original linens which they had received, claiming that the remainder had been entirely worn out by natural wear and tear, and it is contended by the learned counsel for the plaintiff that under the above stipulation in the contract it was incumbent upon the defendants to replace the missing linen, or to pay for it at the invoice value, less a yearly depreciation of five per cent. Counsel argue that even if the linen was destroyed by the natural wear and tear incident to its constant use, nevertheless it was "lost" within the meaning of the contract stipulation. While we recognize that ordinarily, in cases of bailment, property which is destroyed by any means is "lost," yet, under a reasonable construction of the provision of the contract in the instant case, we do not think it means that linen which has been completely worn out by the natural wear and tear incident to its constant use in a restaurant is "lost" within

the meaning of the clause, to wit, "and the replacing of all articles which may be broken or lost." In our judgment the word "lost," as here used, does not include the destruction of property by natural wear and tear only. If the terminal company intended that the lessee should replace the linens which were worn out by ordinary wear and tear, so that at the expiration of the lease it would receive back the same quantity of linens, and of the same quality, as had been turned over to the lessee, and that the latter, failing to return such linens, should pay for them the invoice price, less the five per cent. yearly depreciation, such intent was not expressed in the lease contract, and can not be reasonably inferred therefrom.

The undisputed evidence upon the trial was that most of the linen had been completely worn out by the ordinary wear and tear incident to its constant use in the restaurant. It was admitted, however, by the defendants that some of the linen had been lost or stolen before it had been worn out, and counsel for the plaintiff contend that at all events the defendants were bound to replace or to pay for so much of the linen as was lost or stolen, and that the burden of proof was upon them to show what amount of the linens had been worn out by natural wear and tear, and what amount had been lost or stolen, and that unless they carried this burden they should be compelled to pay for the entire amount. At first blush this argument seems sound, but, while the defendants admitted upon the trial that they did not know what amount of the linens was worn out by the ordinary wear and tear, or what amount was lost or stolen, *their undisputed testimony was that if none of the linen had been lost or stolen, all of it would nevertheless have been completely worn out by the wear and tear incident to its constant use long before the end of the six-years lease.* The fact that the lessees, at the expiration of the lease, did return to the lessor some of the original linens, which were not worn out, is not in conflict with this evidence, for the uncontradicted evidence further showed that these particular linens which were returned were packed away by the lessees, and had not been used constantly, if at all. The uncontroverted testimony was that *the ordinary life of linen in a restaurant is from three to six months only. And the lease in question continued for six years.* Under the terms of the lease contract the defendants were privileged to use constantly all

the linen; and, under the undisputed testimony, if they had done so, all of it (including the linen returned, stolen, and lost) would have been worn out by the natural wear and tear incident thereto long before the six years had expired. In view of this testimony we do not see how, in common fairness and justice, the defendants should be compelled to pay for that portion of the linen which was lost or stolen.

In our opinion, under a reasonable construction of the lease contract, it was not the intent of the parties thereto that any of the original linen should be accounted for, provided that the lease continued beyond the period of time when such linen must necessarily have been completely worn out and destroyed by the natural wear and tear incident to its constant use.

What we have held above is controlling in the case, and it would be profitless to discuss in detail the various assignments of error. In our judgment substantial justice has been administered, and no error appears which necessitates a reversal of the judgment below.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*