*Lawton Nalley,* contra.

---

## 10307. BATEMAN *v.* SMALL & THARPE.

1. "One able to read, who executed a written contract without reading it, can not avoid liability thereon because he signed without knowing the contents of the contract, when his so doing was not induced by any action or representation amounting to fraud on the part of the person with whom he was dealing."

2. The question raised by the bill of exceptions in this case having been often decided, both by the Supreme Court and this court, adversely to the contentions of the plaintiff in error, the statutory damages (Civil Code of 1910, § 6213) are awarded the defendant in error.

DECIDED OCTOBER 10, 1919.

Complaint; from city court of Houston county—Judge Riley. November 18, 1918.

*Feagin & Hancock,* for plaintiff in error.

*Hardeman, Jones, Park & Johnston,* contra.

BLOODWORTH, J. 1. Small & Tharpe sued Bateman for the balance due on a promissory note given for the purchase-price of two mules, and containing, among other provisions, the following: "And the subscriber hereby agrees to pay the within obligation although the property should die or become damaged or destroyed, whether by accident or otherwise. . . It is further understood and agreed that said Small & Tharpe do not guarantee the health, soundness, working qualities . . of the within described property, and it is further understood and agreed that should said live stock herein described be not suited to the purpose for which bought, then the undersigned does hereby agree that........will within ten days from the above date return the same to said Small and Tharpe at their place of business in Macon, Ga., in the same physical condition as when purchased, who hereby agree to accept the same and cancel this indebtedness, and upon failure of the undersigned to return the property herein purchased and described within ten days from above date, then the said undersigned waives any claim for damages or failure of consideration as against this contract and likewise any defect in any of said property." Defendant filed pleas which were stricken upon motion. The only portion of the pleas actually discussed in the brief of plaintiff in error is the following from the original plea: "The plaintiffs presented to defendant for his signature the note prepared by them on a blank form which they carried in their pocket, telling defendant they had fixed the note as agreed, and for him to sign. Defendant relied on the plaintiffs, had full confidence in their statements, and did not read the note he signed, as it was in very fine print and long, and defendant's eyesight was impaired, rendering it very difficult for him to read the fine printing in which the note was." The plea was amended as follows: "That the note and contract signed by this defendant and upon which said suit is based was in very fine print; that by reason of his defectial [defective?] and impaired eyesight this defendant did not and could not read same, all of which was well known to the plaintiff; that the said written contract is different from the oral agreement and representation

made to him by said plaintiffs, and this defendant did rely upon said plaintiff to make the said contract signed by him to contain the contract as made between said plaintiff at the time said contract was made and the writing upon which this suit is based was signed by defendant, and said written contract was signed by defendant believing that same did contain the oral contract as made between the parties as it was represented to him by said plaintiffs; that he did not read said writing before signing same for the reasons above set forth, but did rely upon the representations made to him by plaintiffs that said writing did set up and contain the contract as made between plaintiff and defendant." Plaintiff demurred generally and specially.

The demurrer was properly sustained. It will be noted that in the original plea the defendant admitted his ability to read the note, though he said he could do it with difficulty. In the amendment he asserts that by reason of his defective eyesight he could not read the note. Pleadings are construed most strongly against the pleader, and where a plea contains both an admission and a denial, the admission and not the denial must prevail. *McNatt v. Citizens & Southern Bank,* 20 *Ga. App.* 759 (93 S. E. 271); *City of Moultrie v. Schofields Sons Co.,* 6 *Ga. App.* 464 (65 S. E. 315). See also *Southern Ry. Co. v. Hobbs,* 121 *Ga.* 428 (49 S. E. 494). In this connection attention is directed to the following quotation from the opinion in *Hanes v. Farmers & Merchants Bank,* 20 *Ga. App.* 130 (92 S. E. 896): "The additional statement that the defendant did not have his spectacles with him, and therefore could not read at the time the notes were signed, was not sufficient, under the authorities cited in the other case, to alter the rule." There is nothing in the record to show that the defendant made any effort to read the note and found that he could not do so, or that at the time that he signed it there existed an emergency which would excuse his failure to read, or that his failure to read was brought about by any "misleading artifice or device perpetrated by the opposite party amounting to actual fraud such as would reasonably prevent him from reading it." On the contrary, it clearly appears that he signed the note on presentation, without apprising himself of its contents otherwise than by accepting statements with reference thereto made by the representative of the opposite party, and between whom and the defendant

there existed no confidential or fiduciary relation. See *Twyman* v. *Avera Loan &c. Co.,* 23 *Ga. App.* 136 (98 S. E. 239), and cases cited. "Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he cannot defend an action based on it, on the ground that it does not contain the contract actually made; unless it should appear that at the time he signed it some emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it." *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (2), 516 (94 S. E. 892). See also cases cited in the opinion. "One able to read who executed a written contract without reading it cannot avoid liability thereon because he signed without knowing the contents of the contract, when his so doing was not induced by any action or representation amounting to fraud on the part of the person with whom he was dealing." *Barnes* v. *Slaton Drug Co.,* 21 *Ga. App.* 580, 582 (94 S. E. 896). See also cases cited in the opinion. "If one cannot read a contract which he is about to execute, it is as much his duty to procure some reliable person to read and explain it to him before he signs it as it would be to read it himself if he were able to do so, and his failure to obtain a reading and an explanation of it is such gross negligence as will estop him from repudiating it on the ground that he was ignorant of its contents." *Chicago &c. Ry. Co.* v. *Belliwith,* 83 Fed. 437 (28 C. C. A. 358). "Where suit was brought for a sum alleged to be due upon a plain and unambiguous contract in writing, and the only evidence submitted by the defendant was to the effect that he could 'just read and write a little bit,' and did not read the contract, that the nature of the written contract was misrepresented to him and he thought that he was signing an entirely different contract from the one he did sign, but nothing was done to prevent him from reading it or having it read to him, it was not error for the trial judge to direct a verdict against him for the amount appearing to be due under the contract. *Sloan* v. *Farmers & Merchants Bank,* 20 *Ga. App.* 123 (92 S. E. 893), and cases cited." *Miller* v. *Walker,* 23 *Ga. App.* 273 (97 S. E. 869). The party signing this note may

have been very indiscreet, but for this alone the law will not relieve him. "Folly is not always fraud." "A party who can read must read, or show legal excuse for not doing so. Fraud which would relieve a party who can read must be fraud which prevents him from reading." *Stoddard Manufacturing Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915). The principle announced in the above cases shows that the plea in this case was properly stricken.

2. The defendant in error requested that we award the statutory damages of ten per cent. against the plaintiff in error for bringing this case to this court for the purpose of delay only. As was held in the case of *Miller* v. *Walker,* supra, "The questions raised by the bill of exceptions in this case having been so often decided, both by the Supreme Court and this court, adversely to the position of the plaintiff in error, the statutory damages (Civil Code of 1910), § 6213) are awarded the defendant in error."

*Judgment affirmed, with damages. Broyles, C. J., and Luke, J., concur.*