### 10544. MURPHY v. RUGELY.

Failure to comply with a parol promise, alleged to have been made by the vendor's agent when and before the written contract of sale was signed, that he would fill in with dirt the lot sold to the defendant (which was low and swampy), and that the defendant would not have to pay for the lot if it was not so filled in, constituted no defense to the vendor's suit for unpaid purchase-money; the written contract being unambiguous and apparently intended to embrace the whole contract between the parties, and it not being contended that the alleged parol promise was omitted from the writing by fraud, accident, or mistake, or was wrongfully, fraudulently, or deceitfully made. The court erred in not sustaining the demurrer to the answer in which the defendant attempted to set up such a promise.

DECIDED OCTOBER 10, 1919.

Complaint; from Colquitt superior court—Judge Thomas. April 8, 1919.

Application for certiorari to review this decision was denied by the Supreme Court.

*James L. Dowling, Erle B. Askew,* for plaintiff in error, cited: Civil Code (1910), § 4268 (1); *Wellmaker* v. *Wheatley,* 123 *Ga.* 201; *Chattanooga &c. Ry. Co.* v. *Warthen,* 98 *Ga.* 599; *Bald Mountain ' Portland Cement Co.* v. *McGuirk,* 23 *Ga. App.* 629; Browne, Parol Ev. 44, sec. 31.

*Shipp & Kline, D. P. Starr,* contra, cited: *Thrasher* v. *Cobb Real Estate Co.,* 12 *Ga. App.* 718; *Printup* v. *Rome Land Co.,* 90 *Ga.* 180.

BROYLES, C. J.   Parol evidence is inadmissible to add to or vary an unambiguous written contract. Civil Code (1910), § 4268 (1). The written contract in the instant case was unambiguous and apparently contained all of the agreement between the parties, and could not be varied, or new terms added to it, by proof of a promise made, when and before it was signed, by the agent of the vendors of the property sold to the defendant, that he would fill in with dirt the lot (which was low and swampy), and that the defendant would not have to pay for the lot unless it was so filled in.   If at the time of purchasing the lot the defendant desired it filled in, he should have had a stipulation to that effect embodied in the writing.   If he had done this, and the vendors had failed to comply with the stipulation, such failure would have constituted a good ground of defense to the present suit.   But having signed a contract which contained no such stipulation and which was unambiguous, he could not show by parol evidence the oral agreement to fill in the lot, without pleading that this agreement was omitted from the writing by fraud, accident, or mistake. A mere promise by the agent of the vendors that the lot would be filled in, and that the defendant would not be required to pay for it unless it was so filled in, and the failure to fill it in after the written contract was executed, would not constitute a fraud upon the purchaser or afford him any ground for avoiding payment, there being no contention that anything was omitted from the writing that was intended to be inserted therein.   *Chattanooga R. Co.* v. *Warthen,* 98 *Ga.* 599 (3-4), 617, 618 (25 S. E. 988). Furthermore, in the instant case there was no allegation in the defendant's plea that the oral promise about filling in the lot was wrongfully, fraudulently, or deceitfully made.   In this respect the case is distinguished from *Printup* v. *Rome Land Co.,* 90 *Ga.* 180 (15 S. E. 764), and *Thrasher* v. *Cobb Real Estate Co.,* 12 *Ga. App.*

718 (78 S. E. 254), relied on by the defendant in error. Moreover, in each of those cases the only writings were a bond for titles and purchase-money notes, and it was not manifest that those writings were intended to speak the whole contract (Civil Code, § 4268, par. 1), while in the instant case there was a detailed and unambiguous contract of sale, executed by both parties and apparently intended to speak the whole contract between them.

It follows from what has been said that the defendant's answer failed to set up a good defense to. the suit, and that the court erred in not sustaining the demurrer interposed. The error in the judgment on the demurrer rendered the further procedings in the case nugatory.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*