### 13028.   SHINALL BROTHERS *et al. v.* SKELTON.

1. The contract in the present case was required by the statutes of frauds to be put in writing. It was written and duly executed. It could not be subsequently modified by a parol agreement. Civil Code (1910), § 5791; *Willis* v. *Fields*, 132 *Ga.* 242 (63 S. E. 828).

2. The defendants having expressly agreed in the contract signed by them that the written contract of sale "is made under inducements and representations herein expressed and no others," it was not permissible for them to prove that the plaintiff's agent made any other representation or warranty. *Stimpson Computing Scale Co.* v. *Taylor*, 4 *Ga. App.* 567 (61 S. E. 1131); *Butler* v. *Standard Guaranty & Trust Co.*, 122 *Ga.* 371 (50 S. E. 132); *Biggers* v. *Equitable Mfg. Co.*, 124 *Ga.* 1045, 1048 (53 S. E. 674).

3. The defendants, having admitted in the answer that the written order and the notes, the subject-matter of the suit, constituted the entire contract between them and the plaintiff, were precluded from offering evidence of any other contract. These admissions, made in judicio for the purpose of securing to the defendants the opening and conclusion throughout the trial, also limit them to reliance on the special assignments of error contained in the motion for a new trial.

4. In order to exercise the right of rescission for fraud, the defrauded party must act promptly on discovery of the fraud and must restore or offer to restore whatever he has received by virtue of the contract if it is of any value. *Couch* v. *Crane*, 142 *Ga.* 22 (82 S. E. 459); *Charles* v. *Tyler*, 25 *Ga. App.* 626 (104 S. E. 93); *Thompson* v. *Sloss-Sheffield Steel & Iron Co.*, 9 *Ga. App.* 593 (71 S. E. 1024). Under the express stipulation of the contract in the instant case, if the apparatus or electric plant did not prove satisfactory or come up to the representations, the defendants would have fifteen days to return it to the plaintiff, and no longer. The evidence shows, without controversy, that the defendants had been using the machine continuously since its installation, were still using it, and had never made any offer to return it.

5. The testimony offered by the defendants, which was excluded by the court, was for the sole purpose of setting up a parol agreement to modify a contract that was required by law to be in writing, and the modification would have amounted to a rescisson of the contract. The court did not err in excluding it from evidence. There being no other errors assigned, and the defendants admitting a prima facie case in the plaintiff, the verdict as directed for the plaintiff was a necessary legal consequence.

6. The request by the defendant in error that damages be assessed against the plaintiff in error, as provided in § 6213 of the Civil Code of 1910, is refused.

DECIDED MAY 6, 1922.

Complaint; from city court of Cartersville — Judge Aubrey. October 5, 1921.

*William T. Townsend,* for plaintiffs in error.

*Finley, Henson & Henson,* contra.

HILL, J. This was a suit on notes made by the defendants in payment for an electric-light plant. Accompanying the notes was a contract in relation to the plant, and this contract and the notes referred each to the other so as to make them one contract. When the case was called for trial the defendants admitted by a plea that the notes and the contract referred to constituted the entire contract between them and the plaintiff, and they admitted a prima facie case in the plaintiff for the purpose of securing the opening and conclusion. The answer, in substance and effect, was an offer on the part of the defendants to modify the contract by a subsequent agreement made with the agent of the plaintiff and subsequently approved by the plaintiff to meet a complaint made by the defendants to the plaintiff that the machine was not satisfactory in the respects indicated in the plea. The plea alleged also that these representations made subsequently to the execution of the contract for the purchase of the plant, and made by the agent of the plaintiff and subsequently approved by the plaintiff, were never performed by the plaintiff, and that this entitled defendants not only to a modification of the contract, but to a rescission. The contract in question provided that any complaint should be made within fifteen days and no longer. The complaint made by the defendants was not made until after the expiration of this period. There was no offer to restore the machine. The judge excluded the proffered evidence on the ground that the original contract was required by the statute of frauds to be put in writing, and that it was put in writing and executed, and could not be modified by any subsequent parol agreement. His judgment in this respect is the only error assigned specially in the motion for new trial, and is the only one insisted upon in this court; it being admitted in judicio that on the merits of the case the allegations of the petition showed a good cause of action in the plaintiff and the general grounds therefore are not relied upon. The headnotes need no elaboration, as they fully cover the points made by the record and relied upon in this court.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*