13667.   BECKHAM *v.* AVERA LOAN & INVESTMENT CO.

1. The court did not err in striking the defendant's plea, by which she sought to set up that the note sued upon, which it was alleged was given for the purchase price of certain lots of land, was obtained by means of misrepresentations as to the land, and promises to make certain improvements which were never made.

2. A verdict for the plaintiff was properly directed.

DECIDED OCTOBER 3, 1922.

Complaint; from Stewart superior court — Judge Littlejohn. April 17, 1922.

The Avera Loan & Investment Company brought suit against Eliza Beckham on a promissory note, alleging that it was " the holder and owner of said note, being the bona fide purchaser thereof for value before maturity." She filed a plea which is as follows: " Defendant denies the allegations contained in paragraphs 2 and 4 of plaintiff's declaration, and she says that she is not indebted to the plaintiff in the sum sued for, nor any part thereof, and she denies that the plaintiffs are the bona fide holders of said note as alleged in four of said declaration. 2. Defendant says that she denies that she gave the plaintiff any lien or deed upon her land; or that she intended to execute and deliver to plaintiff a deed or mortgage to secure said note upon any land that may be described, but this defendant says that she is 70 years of age and can neither read nor write, and that the plaintiff's agent and salesman came down to her home and offered to sell her certain lots in or near the city of Macon in Bibb county, Georgia, at the price of the principal of said notes, and agreed to give this defendant four years to pay for same, and represented that these lots were valuable lots, and that all of said lots had been sold to negroes except those purchased by this defendant, and that said lots were located in Macon and would be an exclusive negro colony, that the streets would be improved and paved and made just like the best streets anywhere in Macon, that shade trees would be planted, and that the streets and lots would have electric lights and sewerage system and street-cars just like the rest of the streets in the city of Macon, and all the conveniences that the residents of Macon enjoy and possess, and that the sellers of the lots were going to make these improvements and have street-cars to run over there to the lots part of which defendant purchased, and finally this defendant, on these statements and warranties,

agreements, and covenants, purchased the lots from the sellers and gave the note sued on, and defendant was to give a lien upon the lots purchased and not on her lands, and the plaintiffs, by and through the seller of said lots, failed to do and perform any of these agreements, covenants, or statements, and the streets are still unimproved, no electric lights are there, no sewerage system has been built, no trees have been planted, and the streets are just like they were when marked off, and these covenants and warranties have not be carried out as agreed by the sellers and as represented he would do. Lots are located on the outskirts of Macon and are valueless and uninhabited, and are, in the present condition, worthless, and, defendant relying on the statements of the seller, G. B. Walker, to carry out said agreements and covenants, she purchased the lots in question. 3. Defendant charges that the plaintiffs, Avera Loan & Investment Company and the said G. B. Walker, were working for a common interest, and that the Avera Loan & Investment Company, is not a bona fide holder of said paper, and that the said Walker has written from France to a party in Lumpkin that the whole thing was a fraud, and that the said Avera Loan & Investment Company are not bona fide holders of said note. Defendant charges, upon information, that the bringing of this suit in the name of the Avera Loan & Investment Company is a scheme and device entered into by the payee of said note and G. B. Walker and said Avera Loan & Investment Company to prevent the fraud practiced upon this defendant being established, so that this defendant could be injured and damaged and said note collected." Plaintiff filed a written motion to strike the plea, and the motion was sustained.

The bill of exceptions recites that a witness was introduced "to prove the service of notice for attorney's fees," and further recites that this witness "testified that such notice was served more than ten days before the filing of the suit upon the defendant, there being no issue or contest over the fact of service of the notice or the form of notice; whereupon the court directed the plaintiff to take a verdict in said case for the sum sued for, which the plaintiff then and there did." To the judgment sustaining the demurrer and striking the plea, and to the order of the court directing that judgment be entered in favor of the plaintiff, the defendant excepted.

*G. Y. Harrell,* for plaintiff in error.    *B. J. Fowler,* contra.

BLOODWORTH, J.    (After stating the foregoing facts.)

1.  The plea in this case is easily distinguished from the pleas in *Printup* v. *Rome Land Co.,* 90 *Ga.* 180 (15 S. E. 764), and *Thrasher* v. *Cobb &c. Co.,* 12 *Ga. App.* 718 (78 S. E. 254). This case is controlled by the principles announced in *Murphy* v. *Rugely,* 24 *Ga. App.* 262 (100 S. E. 729); *Sloan* v. *Farmers & Merchants Bank,* 20 *Ga. App.* 123 (92 S. E. 893), and *Keith* v. *Farmers & Merchants Bank,* 21 *Ga. App.* 98 (94 S. E. 264). In the case under consideration, as was said by Judge Broyles in *Murphy* v. *Rugely,* supra, it was not "contended that the alleged parol promise was omitted from the writing by fraud, accident, or mistake, or was wrongfully, fraudulently, or deceitfully made." In the *Sloan* case, supra, this court said (p. 124): "Granting that the third paragraph of the plea was sufficient to withstand a general demurrer, and that the plaintiff was not a bona fide purchaser for value of the note sued on, the striking of this paragraph, along with the others, was harmless to the defendant; for, treating the case as though it was between the original parties to the note, no substantial defense was set up by the plea, and it was properly stricken. 'An oral motion to strike a plea can be made at any time before the verdict, if the motion is in the nature of a general demurrer.' *Blount* v. *Radford,* 16 *Ga. App.* 95 (2) (84 S. E. 591); *Cooney* v. *Sweat,* 133 *Ga.* 511 (2) (66 S. E. 257, 25 L. R. A. (N. S.) 758)." Under the rulings in these cases there was no error harmful to the defendant in striking the plea.

2.  This was a suit on a promissory note, which, under the pleadings, we must assume was unconditional except as to attorney's fees, and proof having been made that notice was given the defendant of the intention of the plaintiff to bring suit and claim attorney's fees, as provided by section 4252 of the Civil Code of 1910, this court cannot say, in the state of the record, that it was error for the court, after having properly stricken the plea of the defendant, to direct a verdict for the plaintiff. *Lang* v. *Hall,* 25 *Ga. App.* 119 (5) (102 S. E. 877).

*Judgment affirmed.    Broyles, C. J., and Luke, J., concur.*