*C. S. Claxton, Adams & Camp,* for plaintiff in error.

*E. L. Stephens,* contra.

---

### 13676. BROOKS v. WILLIAMS MANUFACTURING COMPANY.

LUKE, J. The notes sued upon contain the following provisions: "This note is made for the purchase of one Dort Auto-Truck, with stake body, and cab, the title to which remains in the said Williams Manufacturing Company until this note is paid in full. If the property for which this note is given should become injured or destroyed, the same shall be my loss, and I shall remain bound to pay this debt. And it is expressly agreed that said property is sold without any warranty, express or implied, and that I accept said property upon my own judgment as to its quality or fitness for the use intended." The plea of the defendant set up no legal defense, and the court did not err in striking it and rendering judgment for the plaintiff. This case falls squarely within the ruling announced in *Brooks* v. *Jenkins,* 15 *Ga. App.* 64 (82 S. E. 634), and cases there cited.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
DECIDED DECEMBER 12, 1922.

Complaint; from city court of Sandersville — Judge Goodwin. April 29, 1922.

Fraudulent representations by the vendor's agent, in the sale of the auto-truck which was the consideration of the notes sued

on, were alleged in the defendant's plea as amended, and it was alleged that instead of being worth the purchase-price, $550, the truck was not worth more than $250. It was alleged, in substance, that W. M. Collins, authorized agent of the plaintiff, came to the defendant, knowing that he had no acquaintance with motor-trucks and that he was engaged in the business of hauling shingles and wood (for which purpose he was using teams and horses), and represented to him that as agent for the plaintiff he (Collins) had a Dort motor-truck which was exactly suited to the defendant's needs, and which would carry a load of at least 2,000 pounds and thus save the defendant money in transporting his shingles and wood; and the defendant, having no knowledge of motor-trucks and having full confidence in the plaintiff's said agent, and believing that the said agent had correctly represented to him the efficiency and power of said truck, and there being no patent defect therein, and relying solely upon the representations of the plaintiff through the said agent, agreed to buy said truck for $550, and, without any knowledge of the fraud that was practised upon him and still believing and relying upon the assurances of the plaintiff, signed the notes sued upon. The plaintiff, at the time of the signing of the notes, assured him that the truck was of the kind represented to him, "and still, with no opportunity or knowledge that it was otherwise," he signed the notes without observing their contents, being assured at the time that they were merely for installment payments on the truck; and in agreeing to purchase the truck and in signing the notes he was induced to do so solely by the representations of the plaintiff and its agent. He would not have signed the notes or have purchased the truck but for the fraudulent representations made by the said Collins as agent for the plaintiff, and he depended absolutely upon the assurances of the said Collins, and Collins knew at the time when he induced the defendant to buy the truck and to sign the notes that the defendant was relying solely upon his representations, and Collins further knew that the defendant had great confidence in him. Collins told the defendant that he need not make any effort to test the truck, because he (Collins) had tested it and it had proven sufficient in every way and would carry a load of 2,000 pounds or more; and by these representations he induced the defendant to sign the notes. The defendant discovered, after the notes had

been delivered to the plaintiff and when he undertook to haul wood and shingles with the truck, that it would not haul the load which the plaintiff, through its agent, had represented it would haul, and that it was inadequate for the purpose intended; and the said agent knew, at the time of making the representations aforesaid, that the truck was not of the kind represented, and was inadequate for the defendant's purpose, and that it was an inferior truck and that, instead of being worth $550, it was not worth more than $250. The defendant, when he discovered the fraud and that the truck was inadequate and not as represented by the plaintiff, offered to surrender the truck to the plaintiff and to rescind the trade and to put the plaintiff back in the same position in which the plaintiff was before and even to permit the plaintiff to keep $100 which he had paid on the truck, but the plaintiff refused to rescind the trade and to surrender the notes sued on. The defendant was deceived and defrauded by the conduct of the plaintiff, acting through its agent, and the said representations were made with a design to deceive and did actually deceive the defendant; and " defendant shows, by reason of the facts aforesaid, that the purchase-price of said truck should be reduced to $250, and he prays that the same be done and that the plaintiff have judgment against him only for that amount."

*Evans & Evans,* for plaintiff in error, cited: 111 *Ga.* 740; 10 *Ga. App.* 362; 118 *Ga.* 198; 4 *Ga. App.* 351; 134 *Ga.* 288.

*J. Hines Wood,* contra, cited 15 *Ga. App.* 64, and cit.