## 15734. WIDINCAMP *v.* PATTERSON.

JENKINS, P. J. 1. Where a promissory note and contract of sale contains the express signed provision that the "described property," consisting of live stock, "was bought by me after full inspection, and without any warranty (express or implied), and without any reservation whatever," and that "I further understand that no conditions, stipulations, or statements not included in this note shall be binding upon the vendors, that I have carefully read the full contents of this note, that the same embraces in full my contract of purchase, and I fully understand the same," the maker, when sued upon the instrument, is not entitled to plead a variance of such terms by parol, that the agent representing the payee at the time of delivering the note told the maker that "he would guarantee [one of the mules in question] to be sound, well, and healthy, in a first-class condition," that "if the mule don't work, you bring her back and I will give you a mule as good as the other one in her place," and made other similar statements, and that the maker delivered the note on the faith of such warranties and statements. *Shinall* v. *Skelton,* 28 *Ga. App.* 527 (2) (112 S. E. 163); *Connell* v. *Newkirk-George Motor Co.,* 28 *Ga. App.* 382 (111 S. E. 749); *Brooks* v. *Williams Mfg. Co.,* 29 *Ga. App.* 258 (115 S. E. 150); *Borders* v. *Chapman,* 22 *Ga. App.* 712 (97 S. E. 96); *Reeves Tractor Co.* v. *Barrow,* 30 *Ga. App.* 420 (*a, b*) (118 S. E. 456).

2. "Fraud which would relieve a party who can read must be fraud which prevents him from reading." *Stoddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915); *Sloan* v. *Farmers Bank,* 20 *Ga. App.* 123 (*a*) (92 S. E. 893). The maker is bound by a statement in a note excluding all warranties and representations as to the condition of a horse, "unless he showed that he could not read, and was for that reason imposed upon, or that the note was signed under some emergency which excused the failure to read, or that the failure to read was brought about by some fraud or misleading device of the payee of the note." *Davis* v. *Joyner,* 27 *Ga. App.* 132 (107 S. E. 551). It is true that in a case where the signer of a note can not read, and the payee undertakes to state or read the full contents, and misreads by omitting part of the same, or misstates the purport, such action may constitute fraud which will authorize a rescission. *Brooks* v. *Matthews,* 78 *Ga.* 739 (1), 741 (3 S. E. 627). But no defense is shown where, in the absence of any compelling emergency, one neglected to read the contents of the instrument merely because he had not "his glasses with him" and was not able to read without them, and the payee did not undertake to read the paper or state the contents with regard to its exclusion of all warranties, but merely told the defendant that "it was a retainer title to the mules."

3. "In order to exercise the right of rescission for fraud, the defrauded party must act promptly on discovery of the fraud and must restore or offer to restore whatever he has received by virtue of the contract if it is of any value." *Shinall* v. *Skelton*, 28 *Ga. App.* 527 (4) (112 S. E. 163), and cases cited; *Jones* v. *Watson*, 13 *Ga. App.* 390, 391 (79 S. E. 239). In the instant case, even if the allegations referred to above and other averments showed such fraud as would have authorized the defendant to rescind the contract exchanging mules with the plaintiff, while it appears that the defendant tendered back the mule complained of, he at no time offered to return the other, or sought a return of his own stock, so as to restore both parties to the original status quo.

4. "The doctrine of restitution, as applicable to rescission of contracts, applies only where one of the parties seeks to rescind the contract without the consent of the other. It has no application to the rescission of a contract by mutual consent of the parties." *Manley* v. *Underwood*, 27 *Ga. App.* 822 (3), 831 (10 S. E. 49); Civil Code (1910), §§ 4304-4306. A subsequent agreement, in the nature of a rescission or novation, modifying the terms of a contract of sale excluding all warranties, and so as to warrant expressly the condition of the property, may be made, but must be supported by a valuable consideration. *Brooks* v. *Matthews*, 78 *Ga.* 739 (2) (3 S. E. 627); *Anderson* v. *International Harvester Co.*, 27 *Ga. App.* 533, 534 (109 S. E. 417). Where one making an exchange of live stock took a note for the "boot," containing a provision excluding all express warranties, and thereafter entered into an otherwise valid and enforceable agreement with the maker of the note, agreeing that the maker should return one of the mules and he would exchange it for another animal, that if the mule died it should be considered as the original owner's loss, and that if the maker would feed the animal the original owner would pay the cost of feeding, and where the original owner refused to take back the animal when it was tendered and to exchange it for another, but the maker of the note continued to feed it until the mule died, the agreement was not a nudum pactum, but was supported by the vendee's promise to feed the animal as well as to restore it to the vendor. *Dortch* v. *Bishop*, 27 *Ga. App.* 720 (1) (109 S. E. 674).

5. "In all cases of a mistake of fact material to the contract, or other matter affected by it, if the party complaining applies within a reasonable time, equity will relieve." Civil Code (1910), § 4850. "A city court has jurisdiction to entertain an equitable plea which is purely defensive in its nature, and which if sustained would result simply in a verdict finding generally in favor of the defendant, or reducing the amount of plaintiff's recovery, when such reduction is not brought about by the exercise of any of the extraordinary powers of a court of equity, such as cancellation, reformation, equitable set-off, and the like." "The plea which set forth that the amount sued for was larger than that really due, as a result of a mutual mistake of the parties, was sufficient as against" the motion to strike. *Burnett* v. *Davis*, 124 *Ga.* 541 (2), 543, 544 (52 S. E. 928). The defendant here set up that the parties had agreed that the amount for which the note should be given was $325, and that the plaintiff's agent, in reading to him the amount, after he had stated that he could not read the paper in the absence of his glasses, stated that it was $325, whereas the amount was inserted

as $350. Taking this allegation as a plea of mutual mistake, it was sufficient. Taking it as a plea of fraud, under the rule stated above in paragraph 2, the plaintiff's agent misstating the amount after undertaking to inform the defendant of the same, it was sufficient.

6. While, as to the allegations referred to in the first three divisions of the decision, the plea was without merit, in failing to set up a legal defense, it did set up a defense by the averments referred to in paragraphs 4 and 5. For this reason it was error to strike the plea in toto on motion of the plaintiff, and thereafter to enter judgment against the defendant.

<em>Judgment reversed. Stephens and Bell, JJ., concur.</em>

DECIDED FEBRUARY 12, 1925.

Complaint; from city court of Baxley—Judge Speer. May 23, 1924.

*H. L. Williams,* for plaintiff in error.

*V. E. Padgett,* contra.