18302.  HADDEN *v.* WILLIAMS.

The note sued upon having excluded by its terms any express warranty except as to the title to the mule for which it was given, the plea which set up an express warranty was not good. The allegations as to fraud inducing the defendant to sign the note, and as to his inability to read, were insufficient. The entire plea should have been stricken, and the error in failing to strike it rendered the further proceedings nugatory.

DECIDED DECEMBER 13, 1927.

Complaint; from Glascock superior court—Judge Perryman. June 3, 1927.

*M. C. Barwick,* for plaintiff.

*E. H. Miller, B. F. Walker,* for defendant.

BLOODWORTH, J.  The plea is insufficient in law and should have been stricken on the oral motion of the plaintiff. The note sued upon specifically stated that the only warranty given by the seller of the mules was as to their title. This excluded every other express warranty, and the plea set up express warranties only. *Purser* v. *Rountree,* 142 *Ga.* 836 (83 S. E. 958) ; *Hoffman* v. *Franklin Motor Co.,* 32 *Ga. App.* 229 (3, 4) (122 S. E. 896). The defense set up in the plea as to fraud on the part of the plaintiff in inducing the defendant to sign the note was insufficient to excuse him, although he could neither read nor write. The plea does not state that the defendant could not have procured

---

Contracts, 13 C. J. p. 372, n. 38, 39.
Pleading, 31 Cyc. p. 619, n. 64.
Sales, 35 Cyc. p. 413, n. 14; p. 555, n. 76; p. 556, n. 84; p. 557, n. 93.

some third person to read the note for him. It sets up no emergency that would excuse him from getting some one else to read it to him. The plea sets up no fiduciary or confidential relation between the parties, nor does it set up that his failure to have some third person read it to him was caused by some misleading artifice or device perpetrated by the plaintiff. On the contrary the plea shows that the defendant himself requested the plaintiff to read the note to him, and that he accepted the reading as correct when there existed no confidential or fiduciary relation between him and the plaintiff. These facts show that he was grossly negligent in the premises. "If one can not read a contract which he is about to execute, it is as much his duty to. procure some reliable person to read and explain it to him before he signs it as it would be to read it himself if he were able to do so, and his failure to obtain a reading and an explanation of it is such gross negligence as will estop him from repudiating it on the ground that he was ignorant of its contents." Chicago &c. Ry. Co. *v.* Belliwith, 83 Fed. 437 (28 C. C. A. 358), cited. and approved by this court in Bateman v. *Small,* 24 *Ga. App.* 244, 247 (100 S. E. 573). See *Walton Guano Co* v. *Copelan,* 112 *Ga.* 319 (37 S. E. 411, 52 L. R. A. 268); *Widincamp* v. *Patterson,* 33 *Ga. App.* 483 (1, 2); *Tinsley* v. *Gullelt Gin Co.,* 21 *Ga. App.* 512 (2) (92 S. E. 892); *Barnes* v. *Slaton Drug Co.,* 21 *Ga. App.* 580, 582 (94 S. E. 896). The plea attempting to set up a rescission of the trade was totally inadequate. See *Widincamp* .v. *Patterson,* 33 *Ga. App.* 483 (3, 4) (127 S. E. 158). The entire plea should have been stricken, and the error in not striking it rendered the further proceedings nugatory.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*