## 28165. SKINNER v. HARRINGTON.

DECIDED MAY 31, 1940.

*Will Ed Smith,* for plaintiff. *R. Earl Camp,* for defendant.

FELTON, J. The defendant in fi. fa. filed an affidavit of illegality, the grounds of which were (1) that the retention-of-title contract foreclosed was induced by fraudulent misrepresentations as to one of the two mules bought by the defendant; (2) that the plaintiff in fi. fa. had accepted one of the mules back, in cancellation of the retention-of-title contract; (3) that the plaintiff in fi. fa. accepted

back one mule and agreed to furnish another, which he failed to do; (4) that the defendant did not sign the contract foreclosed, or authorize any one else to do so for him.

1. It was not error to refuse to strike the affidavit on motion. The plea of non est factum set forth a good defense as against general demurrer.

2. It was error to overrule the motion for a new trial, first, because the evidence was insufficient to authorize a rescission of the contract, for the reason that the defendant did not tender back to the plaintiff both of the mules bought under the one contract which it was sought to rescind (*Widincamp* v. *Patterson*, 33 *Ga. App.* 483, 127 S. E. 158); second, because there was no evidence of a complete accord and satisfaction, because the evidence failed to show that the retention-of-title contract had actually been canceled, or that the mule was accepted by the plaintiff; and third, because the breach of the subsequent oral contract to furnish another mule is not a ground of recoupment and can not be the ground of an affidavit of illegality. *Helton* v. *Taylor*, 58 *Ga. App.* 630 (199 S. E. 580), and cit. The evidence did not support the verdict, and it was error to overrule the motion for new trial.

On rehearing, the previous judgment of affirmance is vacated, and a judgment of reversal is rendered. The foregoing opinion is substituted for the original opinion.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*