**32379. COIN MACHINE ACCEPTANCE CORP. v. FOLSOM.**

DECIDED JUNE 28, 1949.

*John E. Branch, Wilson, Branch & Smith,* for plaintiff.

*Hubert C. Morgan, Paul Crutchfield, James R. Venable,* for defendant.

MacIntyre, P. J.   Upon consideration of the written conditional-sales contract being foreclosed, it appears to be a complete and valid contract and there is no allegation that there was any fraud, accident, or mistake.   In these circumstances it will be conclusively presumed that the writing contains the entire agreement and parol evidence of prior or contemporaneous agreements is inadmissible to add to, take from, or vary the written instrument.   *West v. Miller,* 32 *Ga. App.* 199 (1) (122 S. E. 809). The opening paragraph of the conditional-sales contract provides: "The undersigned seller hereby sells, and undersigned purchaser hereby purchases, subject to the terms and conditions hereinafter set forth, the following personal property  .  .   [listing the phonographs together with their serial numbers]" and the next to the last paragraph of the instrument provides:   "This contract contains the entire agreement between the parties hereto and is not subject to cancellation and no warranties, agreements or guarantees have been made by seller unless endorsed herein in writing.   No provision hereof shall be excluded, modified or limited except by written instrument expressly referring hereto and setting forth the provision so excluded, modified or limited."   The defense set up in the amended affidavit of illegality was:   Folsom "did not and would not execute the mortgage sought to be foreclosed until the seller of said machine and the plaintiff, through its duly authorized agent and representative, agreed that such machines would be put in proper working order and mechanical condition, and affiant executed same solely relying on said representations and statement that same would be repaired, and affiant shows that same were not so repaired.   Affiant further deposes that said mortgage and contract, retaining title to said machines in the seller and to secure the purchase money balance, were transferred by the seller to the plaintiff with knowledge in the plaintiff of said agreement and of his reliance thereon and said plaintiff is not a holder thereof without knowledge of defendant's agreement but had knowledge thereof and agreed

thereto." "Where an affidavit of illegality was interposed to the foreclosure of a mortgage on personalty, grounds thereof which set up parol agreements between the parties, made at or before the giving of the mortgage and conflicting with its terms, were properly stricken on demurrer." *Armistead* v. *Weaver*, 140 *Ga.* 740 (1) (79 S. E. 783); *Dyar* v. *Walton, Whann &c. Co.*, 79 *Ga.* 466 (7 S. E. 220); *Curtis* v. *Pierce*, 157 *Ga.* 717 (122 S. E. 208); *Murphy* v. *Rugely*, 24 *Ga. App.* 262 (100 S. E. 729); *Parcel Delivery Co.* v. *American Oil Pump &c. Co.*, 25 *Ga. App.* 659 (104 S. E. 27); *Shinall Bros.* v. *Skelton*, 28 *Ga. App.* 527 (112 S. E. 163). The court, consequently, erred in overruling the demurrer to the affidavit of illegality as amended which sought to vary the terms of the written conditional-sales contract, which was complete and valid within itself, by pleading a prior parol agreement as a defense to the foreclosure proceedings.

*Judgment reversed. Gardner and Townsend, JJ., concur.*