JOSEPH L. VARNER *et al.*, plaintiffs in error, *vs.* MARY J. VARNER *et al.*, defendants in error.

1. Before a judgment of the circuit court will be reversed, the burden is upon the party complaining to show affirmatively that it is erroneous, and if the bill of exceptions and transcript of the record, show no demurrer and the case turned on the demurrer, this court cannot intelligently review it, and will affirm the judgment.

2. The above rule of practice is the more necessary when the bill is demurrable on several grounds, such as the misjoinder of parties, the absence of essential parts of the record, and the failure to append important exhibits.

3. Considering the demurrer a general one, for want of equity, which is most favorable for plaintiffs in error, we see nothing in the bill which shows that their remedy is not adequate and complete at law.

Practice in the Supreme Court. Equity. Demurrer. Before Judge KIDDOO. Quitman county. At Chambers. May 8th, 1875.

Reported in the opinion.

H. & I. L. FIELDER, for plaintiffs in error.

No appearance for defendant.

JACKSON, Judge.

1, 2. This case seems to have gone off below on a demurrer, but what the demurrer was, and on what grounds it rested, we cannot tell. No copy of it is in the bill of exceptions, and while that paper is made to assert that all the facts necessary are in the record, this, the most important fact, indeed the only fact,·together with the bill, absolutely necessary to enable us to pass upon the case, is not in the record at all. It is needless to say that we cannot pass upon it and must affirm the judgment below. In a similar case this court pursued that course, and it appears to be the only reasonable one: *Mayor and Council of Rome vs. Duke,* 19 *Georgia Reports,* 93.

3. The demurrer is the more necessary here because the bill seems to us demurrable upon various grounds. Assuming that it was a general demurrer and went to the whole bill, and was grounded on want of equity, which is the most favorable assumption for the plaintiff in error, and which may be inferred from the fact that the bill was dismissed, we think the remedy of the party complainants ample at law. From their statements it seems the property was always held as theirs and for them; they all appear to be *sui juris;* they seek no discovery, and we see no reason why they could not recover at law. But we place our judgment upon the ground that we cannot review a case without the pleadings; that

plaintiff in error must see to it that the pleadings are here, or take the consequences, and that the consequences will always be the affirmance of the judgment of the court below.

Judgment affirmed.