## ANGIER *et al. vs.* BREWSTER.

1. While ordinarily parol testimony is inadmissible to contradict or vary the terms of a valid written contract which is plain and unambiguous on its face, yet if there has been fraud in the execution of the instrument so as to make it read differently in a material point from what the parties intended, then such fraud may be alleged by plea and proved by parol.

(*a.*) A plea to a suit on a promissory note alleged that the defendant had objected to signing the note with certain stipulations in it; that the plaintiffs' agent agreed to strike out such parts of the note, and with his pen made an erasure therein; that defendant, relying on such provisions being erased, signed the note, but that in fact the agent had erased other words in the note and left the objectionable words, thereby defrauding defendant:

*Held* that such plea was not demurrable, and could be sustained by parol.

2. The verdict is supported by the evidence.

November 21, 1882.

Evidence. Fraud. Contracts. Before Judge STEWART. Spalding Superior Court. February Term, 1882.

Reported in the decision.

E. W. BECK; LLOYD CLEVELAND; E. A. ANGIER, for plaintiffs in error.

BOYNTON & HAMMOND, for defendant.

SPEER, Justice.

This was a suit brought upon a promissory note of which the following is a copy:

$88.oo                    " SUNNY SIDE, GA., April 20, 1880.

On or before the fifteenth of October next we or either of us, promise to pay N. L. & C, Angier or bearer eighty-eight dollars for twenty sacks of commercial manure known as Lion Guano. This commercial manure is purchased and accepted with warranty by the seller as to its effects on crops only as to the analysis and inspection of the state inspector of Georgia, as shown by his brand or tag on each and every sack. And it is agreed to pay for the same as above provided, and not plead failure of consideration. * * * * * This note has been read." [Signed]                    B. D. BREWSTER."

The defendant filed his plea of failure of consideration averring said guano was worthless. By amendment he further plead : " He told Villard, plaintiffs' agent, who was managing said guano business, that he objected to signing such a note as was presented, to-wit, the printed note now sued on, and said agent then and there agreed to strike out that part of said note commencing at the words, " This commercial manure," etc., to and including the words, " failure of consideration of said note," touching the warranty and inspection and analysis and tags, and said agent did then and there strike out a portion of said note, and defendant, relying on the good faith of said agent, supposed and believed that he had stricken out said objectionable part of said note, until this suit was brought on the note as it now is, and when in fact the part stricken out is not the part agreed to be stricken out, and defendant was thereby deceived by the fraudulent conduct of plaintiffs' agent." To this amended plea

plaintiff demurred, which demurrer the court overruled, and plaintiff excepted.

On the trial, under the evidence and charge, the jury returned a verdict for the defendant. Plaintiffs made a motion for a new trial, on the grounds that the court erred in not sustaining the demurrer to defendant's plea, and because the verdict was contrary to law and evidence, which motion the court overruled, and plaintiffs excepted.

We recognize the rule contended for that ordinarily parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument when the contract is plain and unambiguous upon its face. But that is not the question alone made by this plea; if such was the purpose and nothing more was averred, then the rule might be invoked. The demurrer admits the facts averred in the plea to be true, and if true it strikes at the validity of the contract itself. For if, as alleged, the defendant was induced by the fraudulent act and device of plaintiffs' agent, who received this note, to sign a contract which, on reading, he declined signing, and which he alone signed by reason of the fact that said agent pretended to strike out the objectionable terms therein, when in fact he did not do so, but struck other words, then this would be such a fraud in the execution of the paper as would render it void in law. In the case of *Mitchell vs. The Universal Life Insurance Company*, 54 *Ga.*, 289, this court said: "To justify the introduction of parol evidence to contradict a written contract on the ground of fraud, the fraud charged must be in the execution of the contracts." Here the fraud charged is in the execution of this contract which defendant had before refused to sign. These facts the plea alleged, and evidence under it was admissible. We understand the rule to be that parol evidence would be admissible under a plea alleging fraud where the fraud charged is some device or trick, by which either stipulations were fraudulently left in a paper which it was expressly agreed should be left out, or where it was

agreed the stipulations should be inserted and they were fraudulently left out. 52 *Ga.*, 149; 60 *Ga.*, 159, 157, 292, 546, 614. If the fraudulent act involves the execution of the paper so as to make it read differently in a material point from what the parties intended, then such a fraud may be alleged and sustained by parol proof ; and if the proof is satisfactory, there can be no recovery had thereon. Taking this view of the plea and evidence, if the jury should believe it, then a verdict should have been for the defendant without reference to the plea of failure of consideration.

Judgment affirmed.