## BROOKS *et al. vs.* MATTHEWS.

1. Where suit was brought on certain notes, containing a mortgage on a mule, a statement that the notes were given for the purchase price of it, a waiver of homestead, and a stipulation that "the mule being bought by me as a weak-eyed mule and not warranted in any particular whatever," a plea which alleged that, by the contract as made, the plaintiff had guaranteed the mule to be sound otherwise than that his eyes were weak; that the notes were read over by the plaintiff to him, but in so doing, the plaintiff left out the clause as to the absence of warranty; and that the mule was worthless and had been tendered back to the plaintiff, set up fraud on the part of the plaintiff and was not demurrable.

2. To a suit on such notes, a plea which alleged that, after the notes were signed, and before the delivery of the mule, the plaintiff said it was sound except as to its weak eyes, and guaranteed it to be sound, was demurrable. Such a plea did not set up a subsequent parol agreement binding as a warranty.

April 19, 1887.

Fraud. Warranty. Contracts. Pleadings. Before Judge BOYNTON. Pike Superior Court. October Term, 1886.

Reported in the decision.

E. F. DUPREE; W. J. IVERSON; JOHN I. HALL, for plaintiffs in error.

J. A. HUNT; A. M. SPEER, for defendant.

BLANDFORD, Justice.

Matthews brought his action against R. M. and J. W. Brooks upon two promissory notes, aggregating $165.00. These notes contained a mortgage on a certain mule, in which it was stated that the notes were given for the purchase price of the mule; it also contained a waiver of homestead, and this stipulation : " The mule being bought by me as a weak-eyed mule and not warranted in any particular whatever."

To these notes the defendant pleaded total failure of consideration; furthermore, that he had tendered the mule back to the plaintiff, who had refused to take him; he also alleged that when the notes were read over to him by the plaintiff, he left out the latter part, viz : "The mule being bought by me as a weak-eyed mule and not warranted in any particular whatever." The defendant alleged that, on the contrary, the plaintiff had guaranteed the mule to be sound otherwise than his weak eyes. This plea and the amendment to it were demurred to by the plaintiff. The court sustained the demurrer and dismissed the plea; and this is one of the errors alleged here.

1. We think that the allegations of this plea make a case of fraud on the part of the plaintiff. According to these allegations, he read the notes to the defendant, except that part which stated that the mule was a weak-eyed mule, "and not warranted in any particular whatever," whereas, the plea alleges, the truth was that the mule was warranted in every particular, except that it was a weak-eyed mule. It was further alleged that the mule

proved to be utterly worthless. It is well-settled by our code that any misrepresentation, act or artifice intended to deceive, and which does deceive another to his injury, is a fraud for which the party is entitled to a remedy, either in equity or in law. This was an actual fraud on the part of this plaintiff.

But it is insisted that the defendant was guilty of negligence; that he could have discovered this fraud before he signed the notes if he had read them; for he could read. To this the defendant may reply, "You have no right to take that position, for the reason that your own act induced me not to read the notes; you threw me off my guard by having read the notes wrong, and it does not lie in your mouth to accuse me of negligence." We think that is a complete reply as between these parties. If these notes had passed into the hands of an innocent *bona fide* holder, probably the position of the parties would have been different to what it is here. This is not a mere mistake where the party, if he had used due diligence, could have discovered the mistake; but it. is a case of actual fraud, perpetrated by one party on another, and is one of those cases provided for by our code, §§2634, 3176, 2966. We think that these sections control this case.

2. There was another plea also stricken by the court on demurrer, viz. that after the notes were signed, and before the delivery of the mule, the plaintiff guaranteed the mule to be sound, and it is insisted that that could be relied on as a warranty, and that there was a breach of this warranty. We are aware of the rule that a contract in writing may be changed by subsequent parol agreement, but no such agreement is set up in this plea. He does not set up any parol agreement, but merely sets up what had already taken place, that this plaintiff, after the defendant got the mule out of the stable, said the mule was sound, except as to the weak eyes. He says that was a subsequent parol agreement, but we do not think it was; and we think the court was right in striking that plea.

As to the other plea and the amendment, we think the court erred in sustaining the demurrer, and for this reason we reverse the judgment of the court below.

Judgment reversed.