[No. 2205.]

LEMOND v. HARRISON ET AL.

**Life Insurance—Fraud—Action for Premium — Counterclaim— Estoppel.**

Plaintiffs as insurance agents contracted with defendant to furnish defendant a certain specified kind of policy of insurance and for the first year's premium defendant executed two promissory notes due at different times. When the policy was delivered one of the plaintiffs pretended to read to defendant a part of it

which indicated that it was in accordance with the agreement and told defendant that such was the case. Relying upon plaintiff's representations defendant paid the first note and laid the policy away without reading. In an action by plaintiffs on the second note nine months after the delivery of the policy, defendant pleaded fraud practiced upon him in delivering to him a different policy than that represented and set up a counterclaim for the sum paid on the first note. Held, that plaintiffs were not entitled to set up in defense of their own wrong that defendant was estopped to object to the policy because of his negligence in not objecting thereto for an unreasonable length of time, and it was error to dismiss defendant's counterclaim on that ground.

*Appeal from the District Court of Arapahoe County.*

Messrs. PATTERSON, RICHARDSON & HAWKINS, for appellant.

Messrs. GOUDY & TWITCHELL and Mr. C. H. REDMOND, for appellees.

WILSON, P. J.

Plaintiffs as agents for the Penn Mutual Life Insurance Company contracted with the defendant to have issued to him by that company a certain specified kind of policy of insurance upon his life, and he agreed to accept it and to pay therefor a certain stipulated annual premium for the period of twenty years. To cover the payment of premium for the first year, defendant executed and delivered his two several promissory notes, each for one-half of the premium, both payable to plaintiffs, and maturing at different dates during the year. Shortly subsequent, Mr. Harrison of the firm, one of plaintiffs, delivered a policy to defendant, and at the time of doing so, read to him or pretended to read to him a part of it which indicated that it was in accordance with their agreements, and also told him that such was the case. Relying upon this, defendant laid the policy away without reading it. The first pre-

mium note becoming due, was promptly paid by the defendant. Before maturity of the second note, defendant discovered that the policy was different in material respects from that for which he had contracted, and from that it was represented to be at the time of its delivery. Thereupon, taking the policy, he went to see the plaintiffs and insisted that the matter should be fixed up, and a policy issued to him in accordance with the agreement. Plaintiffs assured him that it would be all right, at various interviews had between the parties during several weeks after the discovery. It was finally agreed that the matter should be adjusted by the issuance to defendant of another policy for a similar amount, in lieu of the one received, and the premium on which would be less, but this was never issued. The second note maturing, pending these negotiations, payment was demanded through a bank, and being refused, plaintiffs instituted this suit. Defendant in answer pleaded the fraud which had been practiced upon him by the plaintiffs. He also set up a counterclaim, asking for the recovery of the sum paid by him in liquidation of the first note. The execution and delivery of the note being admitted, the defendant on trial was allowed the opening and closing. At the conclusion of the testimony offered in his behalf, the court on motion of plaintiffs granted a nonsuit as to the counterclaim of defendant, and as to the suit upon the note, directed the jury to return a verdict in favor of plaintiffs for the full amount thereof. The facts which we have stated we gather from the evidence on behalf of the defendant, which of course for the purposes of plaintiffs' motion, was admitted to be true. The action of the court was specifically based upon the ground that defendant was estopped from setting up the defense attempted, because of his negligence for an unreasonable length of time—nine

months—in objecting to the policy. It held in effect that it was the duty of the defendant, the contract having been reduced to writing, to have read it at the time of its delivery, or to have been reasonably diligent in doing so, and making his objections thereto if any existed. Whilst as a general proposition of law the court was correct, it seems equally clear to us that under the circumstances of this case, it was in error. We think that it does not lie within the mouths of plaintiffs to set up this defense to their own wrong. It was, according to the evidence, their wrongful reading of the policy and misrepresentations at the time of delivery which induced the defendant not to read it.—*Brooks et al. v. Matthews,* (Ga.) 3 S. E. 627; *Barnes v. Ins. Co.,* 75 Iowa 12.

If this suit were between the insurance company and the defendant, the case might present a different phase. Plaintiffs, however, being the agents who effected the insurance, and the parties who, it is alleged, perpetrated the fraud, cannot thus be allowed, we think beyond question, to defend against their own wrong.

· Counsel for plaintiffs practically conceded in argument that the learned trial judge stated the law too broadly as applicable to the circumstances of this case, but urges that the judgment is correct on other grounds, and therefore should be maintained although the reasoning of the court in support of it may have been wrong. It is true that it is within the province of appellate courts to so act in such cases.—*Ins. Co. v. Railroad Co.,* 19 Colo. 48.

It by no means so clearly appears in this case, if at all, that the judgment ought to be sustained upon any of the grounds covered by the motion of plaintiffs, as to justify this court in the exercise of this discretionary power. It rather appears to us from the record here presented that the cause of justice would

be better subserved by reversing the judgment and remanding the cause to the district court for a new trial, when these questions can be specifically raised and argued by counsel, and passed upon by the trial court.

The judgment will be reversed.

*Reversed.*