### 6715. BEALE v. HIRSCH LUMBER COMPANY.

WADE, C. J. There is no substantial merit in either of the two special grounds of the amendment to the motion for a new trial; the evidence sufficiently supported the verdict, and the trial judge did not err in overruling the motion for a new trial.     *Judgment affirmed.*

DECIDED JUNE 23, 1916.

Complaint; from city court of Savannah—Judge Davis Freeman. May 21, 1915.

*W. B. Stubbs,* for plaintiff in error.    *Garrard & Gazan,* contra.

---

### 6744. PARKER v. PARRISH.

HODGES, J. 1. When the defendant to a suit on a promissory note admits a prima facie case and pleads set-off or recoupment, the plaintiff is not required to file a replication in order to contest the justice of the plea. In charging the jury upon the issues involved on the trial of such a case it is the duty of the presiding judge to submit to the jury the contentions of the plaintiff in reply to such plea, taking such contentions from the evidence. In charging upon the contentions of the parties to this case the presiding judge submitted them fairly to the jury, and did not express any opinion upon the evidence.

2. The law will not relieve parties from the results of their negligence in failing to read a contract which was not made under a disability or an emergency or induced by the fraud of the other party. The evidence in this case shows that after the signing of the original contract, the parties agreed that another contract, satisfactory to the defendant, should be made. Subsequently a new contract was prepared and the plaintiff signed it without reading it. The evidence shows that he could read, and it is not shown that he was under disability, and no emergency is shown. The fact that the party tendering the contract to be signed stated that it was a duplicate of the former contract did not in law relieve the other party from reading it. Under such circumstances the courts will not relieve him from the consequences of his negligence. Under the evidence the plaintiff was bound by the new contract; and the verdict, being contrary to this view, is contrary to law.

*Judgment reversed.*

DECIDED JUNE 23, 1916.

Complaint; from city court of Americus—Judge Harper. June 8, 1915.

*Shipp & Sheppard,* for plaintiff in error, cited: *Bostwick* v. *Duncan,* 60 *Ga.* 383; *Patapsco Shoe Co.* v. *Bankston,* 10 *Ga. App.* 675; *Smith* v. *Hazlehurst,* 122 *Ga.* 786.