## 18392. Odum *v.* Cotton States Fertilizer Company.

Jenkins, P. J. 1. Under section 4210 of the Civil Code (1910), when the alleged maker of a deed which is the basis of an action against him files an affidavit that the deed is a forgery, it is the duty of the court to arrest the case and require an issue to be made and tried as to the genuineness of the alleged instrument; but the court does not err in refusing to require such an issue to be made and in allowing the instrument to be admitted in evidence, where the defendant admits the genuineness of his signature, and where it appears, from his testimony, that the purpose of the affidavit is not to enable him to prove a material and fraudulent alteration of the instrument, subsequent to its execution, by the party claiming a benefit thereunder, but is merely to show that he was induced to sign the instrument without reading it, relying upon the good faith of the opposite party to incorporate therein the terms of the agreement previously arrived at. *Ford* v. *Serenado Mfg. Co.,* 27 *Ga. App.* 535 (2) (109 S. E. 415).

2. "Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defend an action based on it, on the ground that it does not contain the contract actually made; unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it." *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (2), 516 (94 S. E. 892); *Rounsaville* v. *Leonard Mfg. Co.,* 127 *Ga.* 735 (2) (56 S. E. 1030); *Barnes* v. *Slaton Drug Co.,* 21 *Ga. App.* 580, 582 (94 S. E. 896); *Ward* v. *Colt Co.,* 28 *Ga. App.* 24 (109 S. E. 92). Accordingly, the exceptions to the failure of the court to admit certain evidence offered by the defendant are without merit.

3. This was a suit in trover to recover two mules, which, according to the bill of sale introduced in evidence, were conveyed by the defendant to secure a preexisting promissory note for $152.50. The bill of sale was dated November 15, 1923, and was given in consideration of the note being extended for thirty days thereafter. A demand for the property and a refusal by the defendant to deliver the same are admitted, but

the record does not disclose the date of the conversion. The case was tried in April, 1927. The bill of sale, in describing the mules conveyed thereby and for the recovery of which the trover suit was instituted, embodied as a part of the description the statement that one of them was worth $175 and that the other was worth $160. This was the only proof as to the value of the property, other than certain evidence as to the value of its hire. The judge in substance instructed the jury to return a verdict in favor of the plaintiff in the amount of the principal of the debt, and instructed them that the only question for them to determine was the value of the property for hire. The contention is made, under the general grounds of the motion for a new trial, that the verdict is unauthorized in that no proof was made as to the value of the property; and in other grounds it is contended that the judge erred in limiting the jury as stated. *Held:* Where a plaintiff in an action in trover elects to take a money verdict, the value of the converted property at the time of the conversion or at some period between the conversion and the trial must be proved. The statement in the bill of sale given as security for the preexisting debt, in consideration of an extension of the time of payment, that the property was then (to wit, on November 15, 1923) valued at a stated sum, can not be taken to establish conclusively its value at the time of the conversion, or at any time between the conversion and the trial, especially since there was no evidence as to its value or condition at the time of the conversion as compared with its value and condition when the bill of sale was executed. *Oxford* v. *Ellis*, 117 *Ga.* 817 (45 S. E. 67). The rule appears to be different in a suit based upon an instrument of conditional sale reserving title as security for the payment of purchase money, since in such a case it has been held that, as between the original seller and the original purchaser, the agreed contract price is prima facie, but not conclusive, evidence of the actual value of the property. *Young* v. *Durham*, 15 *Ga. App.* 678 (84 S. E. 165); *Jones* v. *May*, 27 *Ga. App.* 152 (1 *a*) (107 S. E. 897). The rule stated by the Supreme Court in the *Oxford* case and the rule stated by this court in the *Young* and *Jones* cases are not deemed to conflict, since the ruling in the *Young* and *Jones* cases is expressly limited to actions in trover under instruments of conditional sale reserving title to secure the payment of purchase money, the presumption being that the contract price was a fair price, and apparently that the unpaid purchase-money note continues to represent the value of the property which the defendant has unlawfully converted. There would seem to be no reason, however, why such a presumption should be extended to apply to a case where, as here, the stated valuation of the perishable property amounted merely to a descriptive term, not contractual in its nature. Moreover, even had there been additional evidence as to relative values as between the two dates, the jury would not have been absolutely bound by such opinion evidence, but would have been entitled to consider the nature of the property involved, together with every other fact and attendant circumstance throwing light upon the subject, properly within their knowledge. *Lott* v *Banks*, 21 *Ga. App.* 246 (4), 250 (94 S. E. 322).

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED MARCH 16, 1928.

48

J. C. Pratt, for plaintiff in error.
Richard B. Russell Jr., contra.