212

*E. L. Smith,* for plaintiff in error.  *Cowart & Durden,* contra.

19005. DAVIDSON *v.* NALLEY LAND & INVESTMENT COMPANY.

JENKINS, P. J. 1. "Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defend an action based on it, on the ground that it does not contain the contract actually made; unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it." *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 513 (2), 516 (94 S. E. 892). In the instant case it appears, from the testimony of the defendant, that he was able to read, and did actually read a part of the instrument sued upon, but ceased to read when told by the opposite party that the homestead waiver clause, to which the defendant had objected, was stricken out. There was no proof of any emergency such as would excuse the failure of the defendant to read the instrument, or of any misleading artifice or device perpetrated by the opposite party such as would reasonably prevent him from reading it. Although the testimony of the defendant indicates that his eyesight was not very good, that the instrument was signed at night, under a very poor artificial light, and that he did not make a practice of reading at night, there is a total lack of any proof going to show that the defendant was unable, by reason of his defective eyesight, to read the contract, and that he was, therefore, obliged to rely upon the representations of the plaintiff as to its contents. Accordingly, the verdict in favor of the plaintiff upon the issue of fraud raised by the defendant's plea was demanded, and the court did not err in directing the verdict.

2. It appears that the land for which the purchase-money notes sued on were given was held by a receiver appointed by the court, and that during a portion of the time it was thus held by the receiver he turned the property over to the plaintiff as his agent, to manage and control

for him. The defendant contends that he was entitled as a credit on the note to whatever he was able to show was a fair rental value for the premises for the period during which the land was thus held by the plaintiff under the receiver, but since the receiver, rather than the person holding under him, was accountable for the rents and profits, the court did not err in refusing to submit to the jury the issue made by the evidence as to the rental value of the premises.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 22, 1929.

*J. S. Edwards, J. R. Hutcheson,* for plaintiff in error.
*J. J. Barge, Lawton Nalley,* contra.