20839, 20873.   LEE *v.* LOVELAND *et al.;* and *vice versa.*

BELL, J.   1. "Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defend an action based on it, on the ground that it does not contain the contract actually made; unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it." *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (2) (94 S. E. 892).

2. The fact that the plaintiffs' salesman had remained in the defendant's store for several hours and waited to urge the execution of the papers "until defendant became busily engaged with his customers, and then repeatedly read" a certain stipulation which, if standing alone, was favorable to the defendant, together with representations by such salesman that the other papers presented for execution were not promissory notes, but were "mere agreements designed to bind defendant to remit" for the goods according to sales, constituted no valid excuse for the failure of the defendant to acquaint himself with the nature and contents of the papers before executing the same, it appearing from the allegations of the plea that although the defendant was suffering from imperfect sight, due to failing eyes, he was yet able to read under favorable light conditions, and was unable to do so in the particular transaction only because of the "conditions prevailing in his place of business" at the time.   So far as appears, the defendant could easily have protected himself from the alleged fraud of the plaintiffs' salesman by providing a light and ceasing to deal with his own customers for a sufficient time at least to examine and read the six brief promissory notes which he executed, and upon which the instant suit is predicated.   "A party who can read must read, or show a legal excuse for not doing so.   Fraud which would relieve a party who can read must be fraud which prevents him from reading." *Stoddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915).   See further, in this connection, *Bateman* v. *Small,* 24 *Ga. App.* 244 (100 S. E. 573); *Sloan* v. *Farmers & Merchants Bank,* 20 *Ga. App.* 123 (92 S. E. 893); *Barnes* v. *Slaton Drug Co.,* 21 *Ga. App.* 580 (94 S. E. 896); *Miller* v. *Walker,* 23 *Ga. App.* 273 (97 S. E. 869); *Widincamp* v. *Patterson,* 33 *Ga. App.* 483 (2) (127 S. E. 158); *Hadden* v. *Williams,* 37 *Ga. App.* 464 (140 S. E. 797); *Davidson* v. *Nalley Land Co.,* 39 *Ga. App.* 212 (146 S. E. 559); *Robinson Co.* v. *Rice,* 39 *Ga. App.* 785 (148 S. E. 542); *Harrison* v. *Wilson Lumber Co.,* 119 *Ga.* 6 (2) (45 S. E. 730); *Georgia Medicine Co.* v. *Hyman,* 117 *Ga.* 851 (45 S. E. 238); *Rounsaville* v. *Leonard Mfg. Co.,* 127 *Ga.* 735 (2) (56 S. E. 1030);

*Green* v. *Johnson,* 153 *Ga.* 738 (3) (113 S. E. 402); *Eliopolo* v. *Eicholz,* 161 *Ga.* 823 (131 S. E. 889).

(a) The present case is distinguished from those cases in which it appeared that some trick or artifice was perpetrated, or an emergency was created or claimed, by the opposite party, in order to prevent a reading of the papers by the person executing them, such as *Angier* v. *Brewster,* 69 *Ga.* 362; *Brooks* v. *Matthews,* 78 *Ga.* 739 (3 S. E. 627); *Chapman* v. *Atlanta Guano Co.,* 91 *Ga.* 821 (18 S. E. 41); *Wood* v. *Cincinnati Safe Co.,* 96 *Ga.* 120 (22 S. E. 909); *McBride* v. *Macon Telegraph Publishing Co.,* 102 *Ga.* 422 (2) (30 S. E. 999); *Davis Sewing Machine Co.* v. *Crutchfield,* 117 *Ga.* 873 (45 S. E. 228). The facts of the instant case are also materially different from those involved in the case of *Georgia Cotton Growers Co-operative Association* v. *Smith,* 163 *Ga.* 761 (137 S. E. 233).

(b) Again, there is a wide difference between that class of cases in which the maker "through his own negligence fails to inform himself about the contents of a written contract," and those "where one from illiteracy or ignorance is unable to read the writing he is induced to sign, and has to rely upon the representations made by the draftsman." *Gore* v. *Malsby,* 110 *Ga.* 893, 900 (36 S. E. 315); *Carpenter* v. *Bradshaw,* 116 *Ga.* 674 (42 S. E. 1016); *Dannelly* v. *Cuthbert Oil Co.,* 131 *Ga.* 694 (63 S. E. 257); *Southern Fertilizer Co.* v. *Carter,* 21 *Ga. App.* 282 (94 S. E. 310).

(c) Upon application of the above principles, *held* that the defendant's answer set forth no valid defense, and should have been stricken.

3. The court having erred in overruling the plaintiff's motion to strike the defendant's answer, as assigned in the cross-bill of exceptions, it follows that the further proceedings in the trial court were nugatory, and thus that the defendant can not complain that the verdict in his favor was set aside and a new trial granted on the motion of the plaintiff. Moreover, the verdict for the defendant was not demanded by the evidence, and, the judgment complained of being a first grant of a new trial, this court, under repeated rulings, will affirm the judgment, and in doing so will make no "adjudication with respect to the reason assigned by the trial judge as the basis of his action." *Van°Giesen* v. *Queen Insurance Co.,* 132 *Ga.* 515 (64 S. E. 456); *Carr* v. *Carr,* 157 *Ga.* 208 (121 S. E. 227); *National Union Fire Ins. Co.* v. *Ozburn,* 38 *Ga. App.* 276 (143 S. E. 623); *Brooks* v. *Jackins,* 38 *Ga. App.* 57 (4) (142 S. E. 574). In this view it is unnecessary to determine whether the main bill of exceptions should be dismissed upon the ground that the cross-bill is controlling. *Martin* v. *Harwell,* 115 *Ga.* 156 (41 S. E. 686); *LaGrange Grocery Co.* v. *Young,* 30 *Ga. App.* 303 (2), 306 (117 S. E. 673); *Smith* v. *Queen Insurance Co.,* 41 *Ga. App.* 587 (153 S. E. 785); *Central of Georgia Ry. Co.* v. *Bridwell,* 34 *Ga. App.* 77 (2) (128 S. E. 238), and cit.

*Judgment on the main bill of exceptions affirmed; on the cross-bill reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 12, 1931.

*S. W. Fariss,* for plaintiff in error.
*Rosser & Shaw,* contra.