22563, 22592.　GOSSETT & SONS *v.* WILDER; and *vice versa.*

652

DECIDED MARCH 24, 1933.

*L. P. Goodrich, Beck & Beck,* for plaintiffs.

*W. E. Watkins, C. L. Redman,* for defendant.

GUERRY, J.    A. F. Gossett & Sons entered suit on a note against Mrs. Minnie Wilder, Claude Wilder, George Wilder, and Emerson Wilder.   It is necessary to discuss this case only as it pertains to the plaintiff and Mrs. Minnie Wilder.   The defendant, Mrs. Minnie Wilder, admitted a prima facie case.   She denied that there was any consideration for her signing the note.   She alleged further that her signature was procured by fraud perpetrated upon her by the plaintiff.   She alleged that on the day the note was signed she was in her car in the city of Griffin, some twelve miles from her home, and the plaintiff came to her and talked to her about signing the note, which he stated was in the sum of $180, and that it was necessary for her to sign it in order that a car purchased by defendant's son from the plaintiff could be released and he (the son) be permitted to carry his car to Florida.   Defendant told plaintiff that she did not have her glasses with her and could not read the note, and he would have to wait until she could get her glasses. Plaintiff insisted that this was not necessary, and that if the note was not signed immediately he would hold the car and sell her land in addition; that he, plaintiff, would read the note over to her.   He then read the note, and read it $180, and he did not read any mortgage clause in the note whatsoever.   Defendant alleges further that she had her son to read it to her, and he read it $180, and did not read any mortgage clause therein, this son being the son who had purchased the car; that relying upon the plaintiff and believing that "he had correctly read the note over to me, I agreed to sign the same," that the plaintiff "then returned to his place of business with the note, and after some time came back with it for her to sign, stating that it was the note he had just read to her."   Defendant further alleged that she signed where plaintiff told her to

sign, and that plaintiff then brought some witnesses, who witnessed her signature. She alleged that plaintiff either deceived her by reading $180 as the amount and not reading the mortgage clause in the note, and in this way committed the fraud upon her, or else he substituted the note for the amount of $1822 now sued on and having the mortgage clause therein, taking advantage of her inability to read without her glasses, and well knowing that she could not read without them, or else that it was changed by making a material alteration in the amount and adding the mortgage clause thereto. Upon the trial of the case the jury returned a verdict in favor of the defendant. A motion for a new trial was filed, and at the hearing thereof it was overruled, and exception was taken to this ruling.

Only the 7th headnote needs elaboration. The complaint in the 13th, 15th and 16th grounds of the motion for a new trial is that the judge, in his general charge on fraud, did not cover the real points in issue, and that the charge given was prejudicial to the plaintiff. It does not appear from the charge as a whole that the court charged the following principle of law: "A party who can read must read or show a legal excuse for not doing so. Fraud which would relieve a party who can read must be a fraud which prevents him from reading." *Sloan* v. *Farmers Bank,* 20 *Ga. App.* 123 (92 S. E. 893); *Wynn* v. *First National Bank,* 176 *Ga.* 218 (167 S. E. 513), and cit. As a general rule, fraud voids all contracts. This rule is not applied in its entirety and without reservation to written contracts, for the reason that misrepresentations and false statements will not be heard in contradiction of the terms of a valid written instrument, unless it should appear that the party signing the same has been induced to sign by a fraud, trickery, artifice, or emergency, happening at the time of such signing. One about to sign a written instrument can not rely blindly upon the representations of other parties as to its contents, and if, without an emergency or fraud inducing him not to read it, he signs without reading, he can not hold the other party responsible for his statements, though they be false. In the case of *Boynton* v. *McDaniel,* 97 *Ga.* 400 (23 S. E. 824), it was said: "It is no defense to an action on a promissory note that the maker, relying on certain representations made by another at the time of its execution, signed the note without reading it, and that it did not contain the contract

as actually made; the note not having been signed under any emergency and there being nothing to prevent the maker from reading it, and no sufficient excuse for failing to do so being alleged." See also *Walton Guano Co.* v. *Copelan,* 112 *Ga.* 319 (37 S. E. 411, 52 L. R. A. 268) ; *Bostwick* v. *Duncan,* 60 *Ga.* 383; *Bateman* v. *Small,* 24 *Ga. App.* 244 (100 S. E. 573) ; *Barnes* v. *Slaton Co.,* 21 *Ga. App.* 580 (94 S. E. 896). "Negligence in failing to read a written contract and in relying upon representations of the other party to the contract bars the defense of fraud." *Gibbs* v. *Fourth National Bank,* 17 *Ga. App.* 388 (87 S. E. 155) ; *Stoddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915). In the light of these decisions the charges complained of did not fully and fairly present the issue.

In view of the contentions of both parties, the court deems it wise to make some additional observations with reference to the law governing this case. Misrepresentations by the plaintiff as to the contents of the note will not, alone, relieve the defendant from her obligation thereon when she signed the same without reading and in reliance upon such alleged misrepresentations by the plaintiff. However, if the defendant was by fraud, trickery, artifice, or emergency induced to rely upon such misrepresentations and sign the note, she may be relieved of the obligation thereunder. In the case of *Hadden* v. *Williams,* 37 *Ga. App.* 464 (140 S. E. 797), this court held that the defendant might not even rely on the plaintiff's correctly reading the note to him, and that he, the defendant, was grossly negligent in the premises in relying upon the plaintiff to correctly read the note. In the case of *Brooks* v. *Matthews,* 78 *Ga.* 739 (3 S. E. 627), it was said that a plea which states that the plaintiff read the note over to the defendant, but left out certain parts thereof, is a sufficient plea of fraud; and in discussing the case it was further said: "But it is insisted that the defendant was guilty of negligence; that he could. have discovered this fraud before he signed the notes if he had read them; for he could read. To this the defendant may reply, 'You have no right to take that position, for the reason that your own act induced me not to read the notes; you threw me off my guard by having read the notes wrong, and it does not lie in your mouth to accuse me of negligence.' We think this is a complete reply as between these parties." This opinion is in direct conflict with the ruling of this court in the case of *Hadden* v. *Williams,* supra; and as this court is bound by the ruling of the Supreme

Court in *Brooks* v. *Matthews,* supra, and the *Brooks* case is the older opinion, it prevails. There is quite a difference between relying on statements and neglecting to read the instrument, and relying on the reading of the instrument itself by the opposite party. The one is a misrepresentation which will not relieve the maker from his neglect; while the other may or may not be an artifice, trick, or device perpetrated upon him, which in most cases is a question of fact for the jury to pass upon and determine under proper instructions. This particular feature of the case is the real issue between the parties, and the jury should be instructed thereon in accordance with the principles above laid down.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Broyles, C. J., and MacIntyre, J., concur.*