23268.   HODGE v. MILAM et al.

DECIDED DECEMBER 1, 1933.

*J. T. Thomasson,* for plaintiff in error.

*Henry Reeves, Lovejoy & Mayer,* contra.

SUTTON, J.   The defendant was sued on a promissory note given in part payment for certain land.   In her defense she set up that she did not purchase the entire tract of land, but purchased only one half thereof, for which she paid in full by deeding to the plaintiff her home and storehouse in the city of LaGrange; that she signed the note sued on, but did not know that it was a note, as she was told by the plaintiff that the paper she was asked to sign was not binding on her; that she did not have her glasses and could not read the note, but asked the plaintiff to read it to her, and he refused, saying that there was no use to do so and that he did not have time to read it; that when she signed this paper there was no one else present but her husband, and he could not read it, and that she never made any payment on the note.   Defendant introduced evidence tending to support this defense.   At the conclusion of the evidence the court directed a verdict in favor of the plaintiff, on the ground that under the testimony no defense to the suit was set up.   The defendant moved for a new trial, the motion was overruled, and she excepted.

1.   It is well settled that one who signs a promissory note, or other written contract, without reading it can not avoid liability thereon because he was ignorant of its contents, when his signing was not induced by any false representation amounting to fraud on the part of the person with whom he was dealing. *Barnes* v. *Slaton Drug Co.,* 21 *Ga. App.* 580 (94 S. E. 896); *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (94 S. E. 892); *Odum* v. *Cotton States Fertilizer Co.,* 38 *Ga. App.* 46 (142 S. E. 470).   The fact that a party

who signs a contract did not read it because he did not have his spectacles with him furnishes no excuse for his failure to read it or to have some one read it to him. *Hanes* v. *Farmers & Merchants Bank,* 20 *Ga. App.* 129 (92 S. E. 896) ; *Bateman* v. *Small,* 24 *Ga. App.* 244 (100 S. E. 573).

2. There was no evidence tending to show that the defendant was prevented from reading the note sued on by any emergency, or by artifice or fraud perpetrated by the opposite party or by any one else, such as would reasonably prevent her from reading it; and the court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*