## MORRISON *et al.* v. ROBERTS.

### No. 14319. NOVEMBER 30, 1942.

*Abrahams, Bouhan, Atkinson & Lawrence,* for plaintiffs in error.

*Shelby Myrick, George H. Richter,* and *H. Dotson,* for persons at interest.

*Emanuel Kronstadt,* contra.

JENKINS, Justice. 1. Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defend an action based on it, or have it canceled or reformed, on the ground that it does not contain the contract actually made, unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it. *Stoddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915), and cit.; *Rounsaville* v. *Leonard Mfg. Co.,* 127 *Ga.* 735 (2) (56 S. E. 1030); *Lewis* v. *Foy,* 189 *Ga.* 596, 598 (6 S. E. 2d, 788), and cit.; *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (2), 516 (94 S. E. 892); *Odum* v. *Cotton States Fertilizer Co.,* 38 *Ga. App.* 46 (2) (142 S. E. 470); *Gossett* v. *Wilder,* 46 *Ga. App.* 651 (7), 653 (168 S. E. 903); *Hodge* v. *Milam,* 48 *Ga. App.* 105 (171 S. E. 870). Accordingly, the evidence at the interlocutory hearing on this petition by a vendee against the vendor of real estate and others, for injunction,

reformation of the written contract of sale, and other equitable relief, failed to show any basis for such relief on the ground of fraud, where the only showing by the petitioner was that the vendor at the time of the execution of the contract made misrepresentations to her to the effect that $25 monthly instalments would cover all payments of principal and interest; whereas the instrument required that additional interest at 8 per cent. should be paid on each such monthly instalment from the date of the contract; and where it further appeared that the vendee was an educated teacher, who testified that she "half-way read the contract;" and where no other proof was made such as would bring the transaction within any of the exceptions stated in the foregoing rule.

2. While it is true, as recognized by the Code, § 20-116, that where parties, in the course of the performance of a contract, depart from its terms and pay or receive money under such departure, a modification by way of a quasi new agreement will be implied, still, in order for this rule to have application, it is necessary that the circumstances be such as will in law imply a mutual new agreement, so that the modification, when taken in connection with the original contract, will provide a new and distinct agreement complete in its terms. *Bearden Mercantile Co.* v. *Madison Oil Co.*, 128 *Ga.* 695 (4), 703 (58 S. E. 200); *Southern Feed Stores* v. *Sanders*, 193 *Ga.* 884 (3), 887 (20 S. E. 413); *Kennesaw Guano Co.* v. *Miles*, 132 *Ga.* 763, 770 (64 S. E. 1087), and cit.; *Ball* v. *Foundation Co.*, 25 *Ga. App.* 126 (103 S. E. 422); *Jones* v. *Lawman*, 56 *Ga. App.* 764, 771 (194 S. E. 416). Thus, in applying the rule just stated, while it has several times been held that a course of dealings, under which belated insurance premiums have been accepted so as to induce a belief on the part of the insured that payments will be received within a reasonable time after maturity, will modify the contract to the extent that a premium may be paid within a reasonable time after its maturity (*Sovereign Camp Woodmen of the World* v. *Hart*, 187 *Ga.* 304, 309, 200 S. E. 296, and cit.; *Cotton States Life Insurance Co.* v. *Lester*, 62 *Ga.* 247, 251, 35 Am. R. 122 ; *Commercial Casualty Co.* v. *Campbell*, 54 *Ga. App.* 530, 188 S. E. 362, and cit.), the contract as so modified remained complete and definite in all of its terms; whereas in the instant case, where all of the instalments under the written contract to purchase land had fallen due, leaving a large

portion of the purchase-money unpaid, the mere receipt by the vendor from the vendee of several payments at irregular times and in different amounts for a year or more thereafter did not establish any new, definite, and valid agreement as to when the balance of the unpaid purchase-money would fall due.

3. "The grantee in a deed to secure debt, containing a power of sale, is not required to give notice to the grantor of his intention to exercise the power of sale contained in the instrument, where the same provides for no notice other than by advertising in a given manner." *Kent* v. *Hibernia Savings &c. Association*, 190 *Ga.* 764, 765 (10 S. E. 2d, 759), and cit.

4. "Where a summary proceeding is instituted by [an alleged] landlord against his [alleged] tenant, under the Code, § 61-301, to evict the tenant for failure 'to pay . . rent . . or [for] holding [the] premises over and beyond the term . .' the tenant has an adequate remedy under § 61-303, by filing an affidavit denying that the rent is due and giving bond as provided by the statute. The mere fact that owing to his poverty the defendant is unable to give the bond would not afford him ground to go into a court of equity and enjoin the plaintiff from pursuing [this] summary remedy." *Carlton* v. *Hibernia Savings &c. Association*, 185 *Ga.* 425 (2) (195 S. E. 764), and cit.; *Grimmett* v. *Barnwell*, 184 *Ga.* 461, 469 (192 S. E. 191, 116 A. L. R. 257), and cit.

5. Under the preceding rulings and the undisputed evidence, it was error to grant the interlocutory injunction.

*Judgment reversed. All the Justices concur.*