36100. WALKER *v.* B. E. ROBUCK, INCORPORATED.

DECIDED APRIL 11, 1956—REHEARING DENIED APRIL 25, 1956.

824

*Fraser & Shelfer,* for plaintiff in error.
*Matthews & McClelland,* contra.

CARLISLE, J. 1. The motion to dismiss the writ of error, as one containing no assignment of error, is denied. There was a sufficient assignment of error upon a final judgment, (*Galanty* v. *Kirk,* 91 *Ga. App.* 25, 84 S. E. 2d 688), and although the assignment of error upon the judgment sustaining the special demurrers was insufficient without a recital in the bill of exceptions of the grounds of the demurrers, or a specification of the demurrers as a part of the record (*Varner* v. *Varner,* 55 *Ga.* 573; *Tree* v. *City of Atlanta,* 144 *Ga.* 757, 87 S. E. 1021), the plaintiff in its brief stated the grounds of demurrer as a part of the record and the assignment of error upon the ruling upon the demurrers will be treated as sufficient. Code § 6-812.

2. We are confronted with one major question in this case: does the defendant's answer allege sufficient facts to show that the defendant was, by emergency, artifice, trick, or other device, so prevented from reading the contract before she signed it as to constitute such fraud as to void the contract upon which suit has been brought? There is apparently a great contrariety of opinion among the decisions dealing with cases of this type, which grows out of the nuances between the facts of the various cases.

"Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relationship, he cannot defend an action based on it . . . on the ground that it does not contain the contract actually made, unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it. *Stoddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915), and cit.; *Rounsaville* v. *Leonard Mfg. Co.,* 127 *Ga.* 735 (2) (56 S. E. 1030); *Lewis* v. *Foy,* 189 *Ga.* 596, 598 (6 S. E. 2d 788), and cit.; *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (2), 516 (94 S. E. 892); *Odum* v. *Cotton States Fertilizer Co.,* 38 *Ga. App.* 46 (2) (142 S. E. 470); *Gossett* v. *Wilder,* 46 *Ga. App.* 651 (7), 653 (168 S. E. 903); *Hodge* v. *Milam,* 48 *Ga. App.* 105 (171 S. E. 870)." *Morrison* v. *Roberts,* 195 *Ga.* 45 (23 S. E. 2d 164). See further, in this connection, *Bateman* v. *Small & Tharpe,* 24 *Ga. App.* 244 (100 S. E. 573); *Sloan* v. *Farmers & Merchants Bank,* 20 *Ga. App.* 123 (92 S. E. 893); *Barnes* v. *Slaton Drug Co.,* 21 *Ga. App.* 580 (94 S. E. 896); *Miller* v. *Walker,* 23 *Ga. App.* 273 (97 S. E. 869); *Widincamp* v. *Patterson,* 33 *Ga. App.* 483 (2) (127 S. E. 158); *Hadden* v. *Williams,* 37 *Ga. App.* 464 (140 S. E. 797); *Davidson* v. *Nalley Land &c. Co.,* 39 *Ga. App.* 212 (146 S. E. 559); *Robinson Co.* v. *Rice,* 39 *Ga. App.* 785 (148 S. E. 542); *Harrison & Garrett* v. *Wilson Lumber Co.,* 119 *Ga.* 6 (2) (45 S. E. 730); *Georgia Medicine Co.* v. *Hyman & Co.,* 117 *Ga.* 851 (45 S. E. 238); *Greene* v. *Johnson,* 153 *Ga.* 738 (3) (113 S. E. 402); *Lee* v. *Loveland,* 43 *Ga. App.* 5 (2) (157 S. E. 707).

The plaintiff could not have relied alone upon the representations made by the plaintiff's agent that the writing contained all of their prior agreements unless there was a fiduciary or confidential relationship existing between them. This is clearly established by the cases cited above and the following cases:. *Harrison* v. *Lee,* 13 *Ga. App.* 346 (79 S. E. 211); *Parker* v. *Parrish,* 18 *Ga. App.* 258 (89 S. E. 381); *Weaver* v. *Roberson,* 134 *Ga.* 149 (67 S. E. 662); *Gunter* v. *Edmonds,* 149 *Ga.* 518 (101 S.

E. 118) ; *Penn Mutual Life Ins. Co.* v. *Taggart,* 38 *Ga. App.* 509, 511 (144 S. E. 400). While it is alleged that such a relationship existed between the parties, no facts demonstrating such a relationship are alleged, and that allegation of the answer was properly stricken on demurrer as a conclusion. The defendant alleges, however, that, in their oral negotiations, it had been agreed between the parties that a contingency clause was to be inserted in the written contract providing that, unless the defendant could obtain a loan to cover the expenses of the entire project, there should be no liability on her part for any services rendered, architectural or otherwise; and that, when she took the writing for the purpose of reading it, one of the plaintiff's agents took the writing from her and purported to read such a contingency clause as though contained in the paper and thus caused her to sign the contract which she would not have signed had she known that the writing did not contain the contingency clause. It would seem from the allegations of her answer that the defendant was in the exercise of some degree of diligence, in that she was undertaking to read the writing when it was taken from her by one of the plaintiff's agents. See, in this connection, *Chapman & Son* v. *Atlanta Guano Co.,* 91 *Ga.* 821, 825 (18 S. E. 41).

It appears, therefore, that the agent purported to read from the writing a provision which it did not contain—a provision of utmost importance to the defendant. She alleges that this was done by artifice and fraud to induce her not to read the contract before signing it; and taking the allegation as true against the demurrer, we think it was for the jury to determine whether or not the defendant was reasonably prevented from reading the writing by this alleged artifice, trick, or device, before she signed it. See, in this connection, *Gossett & Sons* v. *Wilder,* 46 *Ga. App.* 651, 655 (168 S. E. 903), where it is said: "There is quite a difference between relying on statements and neglecting to read the instrument, and relying on the reading of the instrument itself by the opposite party. The one is a misrepresentation which will not relieve the maker from his neglect; while the other may or may not be an artifice, trick, or device perpetrated upon him, which in most cases, is a question of fact for the jury to pass upon and determine under proper instructions." See also, in this connection, *Angier* v. *Brewster,* 69 *Ga.* 362; *Wood* v. *Cincinnatti Safe*

&c. Co., 96 Ga. 120 (22 S. E. 909); *McBride v. Macon Telegraph Pub. Co.*, 102 Ga. 422 (2) (30 S. E. 999); *Davis Sewing Machine Co. v. Crutchfield*, 117 Ga. 873 (45 S. E. 228).

The defendant relies heavily upon the case of *Brooks v. Matthews*, 78 Ga. 739 (3 S. E. 627). It would seem that in *Thomas v. Eason*, 208 Ga. 822 (69 S. E. 2d 729), the Supreme Court intended, if it did not do so expressly, to overrule the *Brooks* case, supra. The present case differs from the *Brooks* case in this: the defendant here did exercise some diligence in attempting to read the writing before it was taken from her, whereas in the *Brooks* case the defendant made no effort to examine the contract which he signed.

In view of what has been said above, the trial court erred in striking the defense of fraud and this action rendered all further proceedings nugatory.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*