19416. B. E. ROBUCK, INCORPORATED, *v.* WALKER.

Argued September 11, 1956—Decided October 10, 1956.

*Matthews & McClelland,* for plaintiff in error.
*Wm. S. Shelfer, Fraser & Shelfer,* contra.

Almand, Justice.   B. E. Robuck, Inc., brought an action against Mrs. Ethel Odum Walker for the recovery of certain sums alleged to be due for professional services rendered under a written contract, which contract was made a part of the petition. In her plea and answer, the defendant attempted to set up the issue of fraud in the procuring of the contract.   It was alleged that, after preliminary negotiations between the parties, and after the terms had been agreed on orally, the written contract prepared by the plaintiff was presented to the defendant for her signature.   It was alleged: That, after the defendant started to read the contract, an officer of the plaintiff corporation "undertook to explain said contract to her so as to make a reading thereof unnecessary; that the said Marshall took the said contract and began to read and expound therefrom, leading your defendant to believe that said contract had been fully prepared in accordance with their previous agreement.   That the said Marshall purportedly read from said contract a provision which provided that said contract was contingent upon obtaining a loan in the amount of $46,461.37 and also that said contract was otherwise in full accord and harmony with the previous agreement had between the parties hereto.   8.   Your defendant shows that she believed the said representations, that she believed that the said Marshall was reading correctly from said contract, that she relied upon him and upon the said Robuck and that she signed the same, believing said representations to be true."   It was further alleged in the answer that the defendant "discovered for the first time that she had been fraudulently induced not to

read said contract by the artifice and fraud practiced upon her at the time of the signing thereof due to her reliance upon the plaintiff and all of the attendant facts and circumstances connected therewith, the confidential relationship existing between the parties and the professional standing of the plaintiff, to her great hurt and damage."

The demurrers of the plaintiff to the allegations of the defendant setting out the defense of fraud were sustained, and the allegations in the answer pertaining thereto were stricken. After the introduction of evidence for both parties, a verdict was directed for the plaintiff, and error was assigned in her bill of exceptions by the defendant. The Court of Appeals held that the trial court erred in striking the defense of fraud, and reversed its judgment. *Walker v. B. E. Robuck, Inc.*, 93 *Ga. App.* 820 (93 S. E. 2d 178). This court granted the plaintiff's application for the writ of certiorari to the Court of Appeals.

■ The defendant has filed a motion to dismiss the petition for certiorari on the ground that the petitioner has failed to comply with Rule 45 (Code, Ann. Supp., § 24-4549), which provides that argument and briefs of authorities must not be included in the petition, but must be submitted separately, in that the petitioner included in its petition argument and briefs of authorities. An examination of the petition discloses that this rule has not been breached, and the motion to dismiss is denied.

■ The Court of Appeals held that the allegations in the plea of fraud were insufficient to show a confidential relationship between the parties, and though it was a fundamental principle that one who can read a contract must read, and the signing of the same would be a waiver of representations alone as to the contents of the same, under the allegations of the defendant's answer, the representations made at the time she signed the same were sufficient to allege that she was induced to sign the contract without reading, by artifice and fraud, and were good as against the demurrers. The sole question before us, therefore, is whether or not the allegations in the answer were sufficient to show that the defendant's failure to read the contract was brought about by some misleading artifice or device perpetrated by the plaintiff amounting to actual fraud, such as reasonably prevented her from reading it. See *Morrison v. Roberts*, 195 *Ga.* 45 (23 S. E. 2d 164).

We are of the opinion that the Court of Appeals erred in this ruling, in that the allegations in the answer as to why the defendant did not read the contract before signing it are wholly insufficient to show that she was induced to do so by any misleading artifice or device. In this regard, the instant case is controlled by the unanimous ruling in *Lewis* v. *Foy*, 189 *Ga.* 596 (6 S. E. 2d 788), where it was held that fraud which will relieve from a contract a party who can read must be such as prevents him from reading the contract, and the fact that the defendant took a deed out of the plaintiff's hands when she undertook to read it would not excuse her from failing to read it. The artifice or fraud claimed to be practiced there was: first, the defendant taking the deed from her hands when she undertook to read it; second, not having her glasses, which were inaccessible, and without which she could not read; and third, the defendant misrepresenting the contents of the deed, stating that he was in a hurry. In the opinion, it was said: "The law will not excuse her for failing to read the instrument because of her confidence in the defendant, upon whom she had no legal right to rely, and who the allegations show employed no trick or artifice that caused her to fail to do her duty in reading before signing. No one can truthfully claim to have been defrauded in a matter about which that one has full knowledge and opportunity to exercise his free choice. The law will protect the innocent against fraud, under the rules above stated; but it demands of everyone that he make use of his own facilities to avoid being defrauded. No other rule could safely be adopted and enforced by the courts with reference to written instruments. It is essential to all business relationships that the validity and solemnity of written contracts, freely and voluntarily executed, be upheld." P. 601.

The case of *Brooks* v. *Matthews*, 78 *Ga.* 739 (3 S. E. 627), relied on by the defendant, was held in *Thomas* v. *Eason*, 208 *Ga.* 822 (69 S. E. 2d 729), to be in conflict with older decisions of this court, and will not be followed.

The Court of Appeals erred in its ruling that the trial court erred in sustaining the demurrers to the defendant's response setting up fraud in the procurement of the contract.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., not participating.*